DECISION
{¶ 1} Relator, Anthony Hawley, has filed this original action seeking a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("APA"), to vacate its decision with regard to his parole, conduct a new hearing, and reconsider his eligibility for parole and his projected release date based upon relator's contention that the APA did not comply with the Ohio Supreme Court's recent decision in Layne v. Ohio Adult Parole Auth.,97 Ohio St.3d 456, 2002-Ohio-6719.
 {¶ 2} Relator is an inmate incarcerated at the Mansfield Correctional Institution. On February 13, 2003, relator filed a complaint in mandamus, requesting a writ ordering the APA to conduct a parole eligibility hearing so that relator could be considered for parole eligibility "for the offense relator was convicted of instead of the offense relator was indicted for." This matter was referred to a magistrate of this court, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals.
 {¶ 3} On June 12, 2003, relator filed a motion for summary judgment. The APA filed a motion for summary judgment on June 23, 2003. Attached to the APA's motion was an "Ohio Parole Board Decision Sheet," as well as the affidavit of Richard Spence, the Chief of Quality Assurance for the Ohio Parole Board.
 {¶ 4} The magistrate issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) Specifically, the magistrate found, based upon the affidavit of Spence, that relator had been assigned the offense category score that corresponds to his offense of conviction for voluntary manslaughter. The magistrate further noted that the APA considered the circumstances relating to the conviction, as well as the fact that relator had engaged in bad behavior resulting in nine significant disciplinary infractions while incarcerated. The magistrate concluded that it was not an abuse of discretion for the APA to consider the circumstances concerning the conviction, and that, pursuant to Layne, supra, the APA was permitted to consider any other factors that it deemed relevant. Thus, the magistrate recommended that relator's motion for summary judgment be denied and that the APA's motion for summary judgment should be granted.
 {¶ 5} No objections have been filed to the magistrate's decision. Based upon an examination of the magistrate's decision and an independent review of the file, and finding no error of law or other defect on the face of the magistrate's decision, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, the APA's motion for summary judgment is granted, relator's motion for summary judgment is denied, and the writ of mandamus is denied.
Respondent's motion for summary judgment granted;
Relator's motion for summary judgment denied;
Writ of mandamus denied.
Klatt and Watson, JJ., concur.
 MAGISTRATE'S DECISION IN MANDAMUS ON MOTIONS {¶ 6} Relator, Anthony Hawley, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Ohio Adult Parole Authority ("APA") to vacate its decision with regard to his parole, conduct a new hearing, and reconsider his eligibility for parole and his projected release date as relator contends the APA did not comply with Ohio Supreme Court's recent pronouncement in Layne v. Ohio Adult ParoleAuth., 97 Ohio St.3d 456, 2002-Ohio-6719.
 Findings of Fact {¶ 7} 1. Relator is an inmate currently incarcerated at the Mansfield Correctional Institution.
 {¶ 8} 2. According to relator's petition, he was indicted in 1991 on charges of aggravated murder, kidnapping, and aggravated robbery. Pursuant to the terms of a negotiated plea agreement, relator entered a plea of guilty to voluntary manslaughter with a firearm specification on January 22, 1992. The remaining charges were nullied and relator was sentenced to serve a term of incarceration of three plus seven to 25 years.
 {¶ 9} 3. Prior to the Ohio Supreme Court's decision inLanye, relator was assigned an offense category of 11, risk score of one, utilizing the APA guidelines. The APA had considered the nature of the total offense behavior and not simply the offense of conviction, which would have yielded a lower offense category under the guidelines.
 {¶ 10} 4. Pursuant to the decision in Layne, the APA was ordered to assign inmates the offense category score which corresponds to the offense or offenses of conviction.
 {¶ 11} 5. On May 15, 2003, relator had a new parole board hearing pursuant to the mandate of Layne.
 {¶ 12} 6. At this hearing, relator was assigned an offense category of nine, which corresponds to his offense of conviction. Relator's aggregate guideline range was determined to be 84 to 138 months, which includes an additional 18 months because relator engaged in bad behavior which resulted in nine significant disciplinary infractions while he has been incarcerated. (See affidavit of Richard Spence, Chief of Quality Assurance for the Ohio Parole Board attached as Exhibit A.) The Central Office Board of Review considered relator's case on May 29, 2003, and determined that relator, who had already served 140 months of his sentence, should serve a total of 180 months, because relator and his brother set in motion the events leading to the victim's death.
 {¶ 13} 7. The parole board granted relator a projected release date of September 1, 2006, which requires that relator serve an additional 40 months.
 {¶ 14} 8. On February 14, 2003, relator filed the instant mandamus action alleging that the APA did not comply with the mandate in Layne. Relator contends that it is improper for the APA to even consider the circumstances surrounding the offenses for which he was convicted in determining when he is eligible for parole.
 {¶ 15} 9. Both relator and respondent have filed motions for summary judgment which are currently before this magistrate.
 Conclusions of Law {¶ 16} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law.State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28. For the reasons that follow, this magistrate concludes that relator is not entitled to a writ of mandamus.
 {¶ 17} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280. Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material fact; (2) that the party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made.Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
 {¶ 18} In Layne, supra, the issue before the court was whether the APA breaches a plea agreement when it assigns an inmate, for purposes of parole eligibility, an offense category score based on the alleged underlying criminal activity rather than on the offense or offenses for which the inmate was convicted. For example, if an inmate had been charged with aggravated murder but pled guilty to involuntary manslaughter, the APA would assign the inmate an offense category score of 13 for aggravated murder rather than the offense category score of eight for involuntary manslaughter. The Layne court held as follows:
 {¶ 19} "* * * [W]e hold that in any parole determination involving indeterminate sentencing, the APA must assign an inmate the offense category score that corresponds to the offense or offenses of conviction. We further emphasize, as did the court of appeals in Randolph [Randolph v. Ohio Adult Parole Auth.
(Jan. 21, 2000), Miami App. No. 99-CA-17], that the APA, when considering an inmate for parole, still retains its discretion to consider any circumstances relating to the offense or offenses of conviction, including crimes that did not result in conviction, as well as any other factors the APA deems relevant. Hemphill v.Ohio Adult Parole Auth. (1991), 61 Ohio St.3d 385, 386[.] * * *" Id. at 464.
 {¶ 20} As is clear from the holding in Layne, while the APA has been ordered to assign an inmate the offense category score which corresponds to the offense or offenses of conviction, the APA still retains its discretion to consider any circumstances relating to the offense or offenses of conviction, including those crimes that did not result in conviction, as well as any other factors which the APA deems relevant.
 {¶ 21} In the present case, the affidavit of Richard Spence makes it clear that relator has been assigned the offense category score which corresponds to his offense of conviction for voluntary manslaughter. However, the APA did consider the circumstances relating to the conviction and specifically noted that relator and his brother had set in motion the events leading to the victim's death. It was not an abuse of discretion for the APA to consider this. Furthermore, the APA also considered the fact that relator had engaged in bad behavior which resulted in nine significant disciplinary infractions while incarcerated. Pursuant to the decision in Layne, the APA is permitted to consider any other factors which the APA deems relevant. Inasmuch as R.C. 2967.03 vests discretion in the APA to grant parole to any prisoner for whom parole is authorized, if in the judgment of the APA there is reasonable grounds to believe that paroling the prisoner would further the interest of justice and would be consistent with the welfare and security of society, it is not an abuse of discretion for the APA to consider the inmate's behavior while in prison as a factor effecting his eligibility for parole.
 {¶ 22} Based on the foregoing, it is this magistrate's decision that relator's motion for summary judgment should be denied as relator is not entitled to the relief he seeks. Instead, summary judgment should be granted in favor of respondent as it is clear from a review of the record that respondent has properly applied the Ohio Supreme Court's holding in Layne to the facts of this case in determining relator's eligibility for parole and has not abused its discretion.