DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas. Appellant, Robert Fleming, asserts that the following errors occurred in the trial court proceedings:
 {¶ 2} "1. The trial court erred in granting summary judgment in favor of Joseph Westmeyer below upon the basis of the period of limitations and other matters."
 {¶ 3} "2. The trial court erred in failing to award summary judgment to plaintiff-appellant below upon his cross motion supported by the defendant's admission and other evidentiary materials."
 {¶ 4} On September 2, 1997, appellant Robert J. Fleming was injured while he was using a welding machine at Vanguard Sentinel Joint Vocational School ("Vanguard"). Appellant subsequently hired appellee, Joseph W. Westmeyer, Jr. ("Westmeyer"), to represent him in a lawsuit against Vanguard. The parties, and appellant's father, William W. Fleming, entered into a contingency agreement under which appellee would be paid a fee only if appellant prevailed on his cause of action.
 {¶ 5} The sole claim raised in appellant's lawsuit was negligence; specifically, appellant alleged that his injuries resulted from Vanguard's "failure to properly maintain their equipment and lack of due regard for the safety of others." See Fleming v. Vanguard Joint Vocational School,
6th Dist. No.S-02-03, 2003-Ohio-2134, at ¶ 2. Vanguard filed a motion for summary judgment, supported by the deposition of appellant's teacher and the affidavits of two individuals who inspected the welding machine after the accident. Id. at ¶ 3. In opposition, appellant filed the affidavit of his alleged expert; however, the affidavit did not set forth the qualifications of the affiant. Id. After Vanguard filed a motion to strike the affidavit, appellant filed the resume of the alleged expert. Id. The trial court, without any explanation, granted Vanguard's summary judgment motion. Id. at ¶ 4.
 {¶ 6} In a letter dated October 1, 2002, Westmeyer informed appellant that it would not be in appellant's best interest to appeal the common pleas court's judgment. Appellant and his father, who wanted to appeal the negligence action, contacted Westmeyer, who continued to refuse to appeal the case. Ultimately, however, after some argument, the parties reached an agreement whereby Westmeyer would pursue an appeal for a flat fee of $800 for "costs."
 {¶ 7} On appeal, this court affirmed the trial court's grant of summary judgment to Vanguard. Id. at ¶ 32. We concluded that:
 {¶ 8} "* * * [A]ppellant has failed to present sufficient evidence that Vanguard breached its duty of care in maintaining the welding machine or that an electrical malfunction in the machine was the proximate cause of his alleged injuries. In fact, beyond the bare and vague allegations in the complaint, appellant has offered nothing to show the welding machine malfunctioned at all." Id. at ¶ 27. Our decision was released and journalized on April 25, 2003.
 {¶ 9} On March 15, 2004, appellant filed the instant legal malpractice action against Westmeyer and appellee, Westmeyer Law Offices. He alleged that Westmeyer failed to adequately represent him in his negligence action against Vanguard, as well as in failing to raise any claim against his "medical care providers" and the manufacturer of the welder. Appellant also maintained that Westmeyer failed to adequately respond to Vanguard's motion for summary judgment and to properly represent appellant in his appeal of the negligence case.
 {¶ 10} Appellees answered, and, after conducting discovery, filed a motion for summary judgment in which they claimed that appellant's cause of action was barred by the one year statute of limitations found in R.C. 2305.11(A). Appellant filed a memorandum in opposition and a cross-motion for summary judgment in which he argued that Westmeyer admitted (in his deposition) that he should have proceeded under the theory of res ipsa loquitur. Appellees claimed that the inference of negligence that arises from this doctrine would have defeated Vanguard's motion for summary judgment.
 {¶ 11} After both sides filed memoranda in opposition to each of their respective motions for summary judgment, the trial court granted appellees' motion summary judgment and denied appellant's motion for summary judgment. This appeal followed.
 {¶ 12} Summary judgment is proper if there is no genuine dispute of a material fact so that the issue is a matter of law and reasonable minds could come to but one conclusion, that being in favor of the moving party. Civ.R. 56(C); Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327. Our review the grant of summary judgment is de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105, 1996-Ohio-336.
 {¶ 13} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of any genuine issue of material fact as to the essential elements of the nonmoving party's claims or defenses. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292,1996-Ohio-107. Once the moving party's burden has been satisfied, the burden shifts to the nonmoving party, as set forth in Civ.R. 56(E). Id. at 293.
 {¶ 14} The determination of the date a cause of action for legal malpractice accrues is a question of law reviewed de novo by an appellate court. Whitaker v. Kear (1997), 123 Ohio App.3d 413, 420. Actions alleging legal malpractice must be commenced within one year after the cause of action accrues. R.C. 2305.11(A). The statute of limitations begins to run "when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." (Emphasis added.) Zimmiev. Calfee, Halter Griswold (1989), 43 Ohio St.3d 54, syllabus. In this context, a cognizable event is an event that "puts a reasonable person on notice that a questionable legal practice may have occurred." Zimmie,43 Ohio St.3d at 58; Lintner v. Nuckols, 12th Dist. No. No. CA2003-10-020, 2004-Ohio-348, at ¶ 18.
 {¶ 15} In the case under consideration, the trial court found that a cognizable event occurred in July 1998 when appellant received a copy of the complaint that did not set forth either a medical malpractice claim or a products liability claim.[1] The court further held that appellant's October 1, 2002 letter terminated the attorney-client relationship and, as a result, appellant was required to file his legal malpractice action, at the latest, on October 3, 2003. Because appellant filed that action on March 15, 2004, the court below found that it was time-barred by R.C. 2305.11(A).
 {¶ 16} In his first assignment of error, appellant asserts that Westmeyer's October 1, 2002 letter did not terminate the attorney-client relationship because Westmeyer continued to represent appellant in his appeal of the negligence action to this court. Appellant further contends that due to the brevity of the trial court's judgment in disposing of his negligence suit, he could not discover that his injury (the grant of summary judgment to appellees) was related any non-act or act on the part of Westmeyer until the release and journalization of our April 25, 2003 decision. Thus, appellant argues, in essence, that the cognitive event triggering the running of the statute of limitations and the termination of the attorney-client relationship occurred on the same date.
 {¶ 17} A review of the record of this cause reveals that appellant was aware of the common pleas court's grant of summary judgment to Vanguard at the time it was entered. Nonetheless, this judgment contained no rationale for the trial court's decision. The question is, therefore, whether the grant of summary judgment, in and of itself, was sufficient to put appellant on notice that a questionable legal practice may have occurred and that appellant may have needed to pursue possible remedies against Westmeyer.
 {¶ 18} Because it is not unusual, but certainly not a preferable or a widespread practice, for a trial court to simply grant summary judgment without offering any explanation or analysis, we must answer this question in the negative.[2] We are also of the opinion that the fact that appellant felt that the trial court's decision was "wrong" and wanted to appeal that decision was insufficient to constitute the notice required to commence the running of the statute of limitations found in R.C. 2305.11(A). Adoption of such a standard would preclude most, if not all, legal malpractice actions.
 {¶ 19} Consequently, we conclude that the "cognitive event" that started the running of the one year statute of limitations for appellant's legal malpractice claim was our April 25, 2003 decision in which we discussed the fact that appellant offered little or no evidence to create a question of fact on the elements of breach of duty and causation. Fleming, at ¶ 27. Based on the foregoing, we find that, as a matter of law, that the trial court erred in granting summary judgment to appellees. Appellant's first assignment of error is found well-taken.
 {¶ 20} In his second assignment of error, appellant maintains that the common pleas court erred in denying his motion for summary judgment on the merits of his legal malpractice claim. The denial of a motion for summary judgment, absent special circumstances, is considered an interlocutory order not subject to immediate appeal. See Celebrezze v.Netzley (1990), 51 Ohio St. 3d 89, 90. A special circumstance occurs when the denial of a motion for summary judgment is made in a special proceeding, as defined in R.C. 2505.02(A)(2). See Stevens v. Ackman,91 Ohio St.3d 182, 186-187, 2001-Ohio2-49. Legal malpractice is not a special proceeding; rather, it "is a common-law action, grounded in tort, which seeks monetary damages." Krahn v. Kinney (1989), 43 Ohio St.3d 103,107; Haynes v. City of Franklin (1999), 135 Ohio App.3d 82, 88;Mickel v. Lucas County Children Servs. (Jan. 4, 2002), 6th Dist. No. L-01-1458, 2002-Ohio-130. Accordingly, the denial of appellant's motion for summary judgment is not a final, appealable order; therefore, we lack the jurisdiction to address appellant's second assignment of error.
 {¶ 21} On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the County Court of Common Pleas as it relates only to the grant of summary judgment to appellees is reversed. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Skow, J. and Parish, J., concur.
[1] Although appellant raised the issue of Westmeyer's failure to allege these claims in his complaint in the case before us, he later abandoned this argument, and argued that Westmeyer's failure to proceed under the doctrine of res ipsa loquitur was, in essence, the "cognizable event."
[2] In reaching our decision, we find that those cases cited by appellees as standing for the proposition that the mere grant of summary judgment, without explanation, to a defendant is sufficient to alert a plaintiff that legal malpractice may have occurred are distinguishable from this cause. See, e.g., Hahn v. Jennings, 10th Dist, No. 04AP-24, 2004-Ohio-4789, at ¶ 9 (quoting the trial court's opinion in setting forth its basis for the grant of summary judgment to one attorney and at ¶ 10 (discussing the trial court's rationale for granting summary judgment to a second attorney); Gray v. Austin (1993), 75 Ohio App.3d 96
(grant of summary judgment based on the date that the running of the statute of limitations governing legal malpractice cases was not an issue on appeal).