DECISION AND JUDGMENT ENTRY
{¶ 1} Appellee, Vaughn Industries, LLC, has filed a motion to dismiss the appeal filed by appellant, International Brotherhood of Electrical Workers, Local Union No. 8 ("IBEW"). IBEW filed a memorandum in opposition to the motion, Vaughn Industries filed a reply and IBEW filed a sur-reply. Vaughn Industries states that the appeal must be dismissed because the order from which it is taken is not final and appealable.
 {¶ 2} This case has a lengthy history, but the present issue of appealability can be decided based only on the immediate history of the case. The parties filed cross-motions for summary judgment in the trial court in this R.C. 4115.05 prevailing wage case. The only three issues in the case at the time the motions for summary judgment were filed were whether Vaughn Industries 1) failed to give written notification to IBEW workers of the identity of the prevailing wage coordinator pursuant to R.C.4115.05; 2) failed to include fringe payments on its certified payroll reports pursuant to R.C. 4115.071; and 3) failed to pay the prevailing wage on certain jobs pursuant to R.C. 4115.10.
 {¶ 3} On November 8, 2005, the trial court ruled on the motions for summary judgment. The court denied summary judgment to both parties on the R.C. 4115.05 notification issue and continued that issue for trial; it ruled in favor of IBEW on the existence of an R.C. 4115.071 fringe benefits violation, but denied IBEW's motion for summary judgment on the issue of whether that violation was intentional, and continued the intent issue for trial; finally, the trial court denied summary judgment to both parties on the issue of whether the prevailing wage was paid. The court stated that, in support of its motion for summary judgment on the prevailing wage issue, the evidence Vaughn Industries used to support its claim that it paid the prevailing wage, is "unsubstantiated" and the court declined to use it to determine the prevailing wage issue. The court continued the prevailing wage issue for trial.
 {¶ 4} Thus, with the sole exception of a ruling that Vaughn Industries committed a violation of R.C. 4115.071 by not listing fringe benefits payments on its certified payroll reports, all other issues were continued for trial and, further, the issues of attorney fees and costs were continued until after trial. The judge concluded by making a determination that "there is no just reason for delay" pursuant to Civ.R. 54(B). IBEW filed a timely notice of appeal from the denial of its motion for summary judgment.
 {¶ 5} Vaughn Industries states in its motion to dismiss that the denial of a motion for summary judgment is not a final appealable order and the Civ.R. 54(B) no just reason for delay determination in this case does not make it so. IBEW argues that the order is presently appealable pursuant to R.C. 2505.02 (B)(2) because it is an order that affects a substantial right and it was made in a special proceeding.
 {¶ 6} It is well settled that "An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable." Noble v. Colwell (1989),44 Ohio St.3d 92, syllabus.
 {¶ 7} R.C. 2505.02 defines final orders as follows:
 {¶ 8} "(A) As used in this section:
 {¶ 9} "(1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 {¶ 10} "(2) `Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 {¶ 11} "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, * * *.
 {¶ 12} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 13} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 14} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 15} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 16} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 17} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 18} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 19} "(5) An order that determines that an action may or may not be maintained as a class action[.]
 {¶ 20} "* * *."
 {¶ 21} "The denial of a motion for summary judgment generally is considered an interlocutory order not subject to immediate appeal." Stevens v. Ackman (2001), 91 Ohio St.3d 182, 186, citing Celebrezze v. Netzley (1990), 51 Ohio St.3d 89, 90, andState ex rel. Overmeyer v. Walinski (1966), 8 Ohio St.2d 23. This is because the denial of the motion does not determine the outcome of the case. The parties both still have the opportunity to prove their case at trial and a judgment in either party's favor is not precluded. Once the trial is over, a party whose motion for summary judgment was denied and who also lost at trial, can appeal the denial of its motion for summary judgment. "[A] trial court's denial of a motion for summary judgment is reviewable on appeal by the movant from a subsequent adverse final judgment." Balson v. Dodds (1980), 62 Ohio St.2d 287, paragraph one of the syllabus.
 {¶ 22} IBEW states that this prevailing wage case is a "special proceeding" and pursuant to R.C. 2505.02(B)(2) the order denying its motion for summary judgment is presently appealable. A special proceeding "means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." Vaughn Industries argues that this action is not a special proceeding, but merely a breach of contract case. In the final analysis, it does not matter which view is correct because we find that even if this is a special proceeding, the order does not effect a substantial right. The order denying summary judgment in this case does not decide anything except that the issues will be decided at trial. IBEW may prevail at trial and obtain its desired results. Thus, its right to be paid the prevailing wage is not yet affected.
 {¶ 23} IBEW calls to this court's attention a statement made in Fleming v. Westmeyer, 6th Dist. No. L-05-1121,2005-Ohio-5568, where we intimated that, if made in a special proceeding, an order denying summary judgment is a final appealable order before the case has concluded. In support of that statement, Fleming cited Stevens v. Ackman,91 Ohio St.3d 182 as standing for the above proposition. On close reading, however, we find that Stevens does not reach the question of whether the order denying summary judgment was appealable because it was made in a special proceeding, since the court found no special proceeding to exist. To the extent that our Fleming case intimates that a decision made in a special proceeding that denies summary judgment is a final appealable order, we overrule it. Our research has uncovered no Ohio case, with the exception of cases where a political subdivision's motion for summary judgment on the issue of immunity is denied,[1] where the denial of a motion for summary judgment was found to be appealable prior to the conclusion of the case. Neither has IBEW cited such a case to the court.
 {¶ 24} Thus, since the order denying summary judgment does not fit into any of the R.C. 2505.02 categories, the Civ.R. 54(B) determination that there is no just reason for delay will not magically transform it into an appealable order. To be final, an order must meet the requirements of Civ.R. 54(B) and R.C.2505.02. In the instant case, no portion of R.C. 2505.02 applies to the order being appealed and we find it is not a final appealable order.
 {¶ 25} The motion to dismiss is granted. Accordingly, the appeal and cross-appeal are ordered dismissed. Appellant/cross-appellee IBEW is ordered to pay the costs of this appeal and appellee/cross-appellant Vaughn Industries, LLC, is ordered to pay the costs of the cross-appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J., concur.
[1] An order which denies an alleged governmental immunity is final and appealable pursuant to R.C. 2744.02, not pursuant to R.C. 2505.02(B)(2).