STRAUCH, APPELLANT, *v.*
GROSS, APPELLEE.*

(No. 82AP-955—Decided May 19, 1983.)

*Mr. C. Randolph Strauch, pro se.*
*Messrs. Vorys, Sater, Seymour &*
*Pease* and *Mr. Thomas M. Taggart,* for appellee.

WHITESIDE, P.J. Plaintiff, C. Randolph Strauch, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant, George Gross. While plaintiff's brief does not conform to App. R. 16, and there is no specific assignment of error delineated, we assume that the following constitutes the assignment of error:

"The trial court errored [*sic*] in sustaining Defendant-Appellee's Motion for Summary Judgment and dismissing Plaintiff-Appellant's action."

Plaintiff originally brought this action in the Court of Common Pleas of Crawford County, which found that venue was not proper in that county and transferred the matter to the Court of Common Pleas of Franklin County, where it found venue to be proper.

Plaintiff's complaint alleges that defendant is an attorney and represented plaintiff's former spouse with respect to a petition for dissolution of marriage filed in the Court of Common Pleas of Franklin County, Division of Domestic Relations. The petition further alleges that defendant rejected a proposed separation agreement, which would have been acceptable to his client, plaintiff's then spouse, and that defendant then "without consulting his client, negligently and recklessly or intentionally and maliciously proceeded to dismiss the dissolution proceeding and stated that he would file a divorce action for his client forthwith." A divorce action was filed in Crawford County, and eventually plaintiff and his then spouse agreed to a dissolution proceeding, and the divorce actions were dismissed. Plaintiff further contends that he sustained damages in the amount of $2,720 as a result of defendant's dismissal of the dissolution proceedings in Franklin County.

After filing an answer, defendant filed a motion for summary judgment supported by his affidavit, stating, *inter alia,* "that at no time has he ever represented or rendered legal services to C. Randolph Strauch." The affidavit further states that: "* * * due to demands made by C. Randolph Strauch for changes in the

* Reporter's Note: A motion to certify the record to the Supreme Court of Ohio was overruled on September 14, 1983 (case No. 83-1099).

Separation Agreement on the day of the hearing * * * the same Dissolution of Marriage was dismissed * * *." After obtaining several continuances, plaintiff made a motion to strike the motion for summary judgment and a motion to amend the Crawford County Common Pleas Court order transferring venue, contending that the Crawford County court had determined the issue of possible liability of defendant to plaintiff apparently by sustaining defendant's alternative motion for change of venue made with a motion to dismiss. The record indicates, however, that the "motion to dismiss" was in actuality a motion for judgment on the pleadings, defendant previously having answered and raised the defense that the complaint failed to state a claim upon which relief could be granted.

Of course, even if the Crawford County court had overruled the motion to dismiss, the determination would not be final or binding, and defendant would be free to again raise the issue by motion for summary judgment. See Civ. R. 54(B). Plaintiff made no response to the motion for summary judgment other than his frivolous contention that the issue raised by his motions to strike and amend had been determined by the Crawford County court. He submitted no affidavits or other evidentiary matter in support of either of these motions, relying instead upon his bare contention which is contrary to the clear indication from the record. Plaintiff contends that the issue was rejected at an oral hearing before the Crawford County court. The record, however, indicates that the motion for judgment on the pleadings was still pending when defendant's motion for summary judgment raising the same issue was filed.

Since plaintiff filed no affidavit or other evidence in opposition to the motion for summary judgment, the facts as stated in defendant's affidavit must be accepted, and plaintiff cannot rely upon the allegations of his complaint if they be inconsistent. See Civ. R. 56(E). Such evidence must be construed most strongly in favor of Strauch in determining the motion. See Civ. R. 56(C). However, when so construed, two facts are established: (1) that there has never been an attorney-client relationship between defendant and plaintiff in connection with the dissolution proceeding or otherwise, and (2) dismissal of the dissolution proceedings in Franklin County was caused by plaintiff's insistence upon changes in the separation agreement on the day of hearing. This, of course, tends to indicate that plaintiff was not satisfied with the separation agreement at the time of hearing, which would require the court to dismiss the petition pursuant to R.C. 3105.65(A).

Upon appeal, defendant relies primarily upon the well-settled principle that an attorney is not liable in malpractice to one who is neither his client nor in privity with his client. Clearly, there is no privity of contract involved. Defendant apparently relies upon what he considers to be intentional conduct in causing dismissal of the dissolution proceedings because of plaintiff's insistence upon changes in the separation agreement. Whether the conduct be intentional or negligent makes no difference. Defendant owed no duty whatsoever to plaintiff with respect to the dissolution proceedings since it is clearly established that defendant represented only plaintiff's former spouse in the dissolution proceedings. Since no attorney-client relationship existed between defendant and plaintiff, there was no duty owed by defendant to plaintiff. Unless there is a breach of duty, there can be no liability in either negligence or contract. See *Stamper* v. *Parr-Ruckman Motor Sales* (1971), 25 Ohio St. 2d 1 [54 O.O.2d 1]. See, also, *W.D.G., Inc.* v. *Mutual Mfg. & Supply Co.* (App. 1976), 5 O.O. 3d 397, in which this court held that a third party has no claim for relief against an adversary's attorney with respect to the manner in which the attorney prosecutes a lawsuit on behalf of

his client. Cf. *Petrey* v. *Simon* (1983), 4 Ohio St. 3d 154, 157-160 (dissenting opinion per Celebrezze, C.J.).

Not only is the assignment of error not well-taken, but plaintiff's appeal is essentially frivolous. Under such circumstances, we are unable to certify that there was reasonable cause for this appeal. See R.C. 2505.35.

Defendant, as appellee, has filed a motion for reasonable expenses and submitted an affidavit indicating that at least $635 in attorney fees have been incurred in connection with this appeal, to which plaintiff has filed no response. Although R.C. 2505.35 provides for attorney fees of no more that $25, and damages of no more than $200, App. R. 23 provides that: "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." The question, therefore, is whether this court is limited to the total award of $225 provided by R.C. 2505.35 or may order payment of the full amount of the reasonable attorney fees as established by affidavit of $635.

Even assuming that the power to award expenses or damages, including reasonable attorney fees, constitutes a question of jurisdiction or substantive law, the question of the amount of such expenses or fees is a procedural matter, rather than substantive, at least with respect to what is reasonable. App. R. 23 refers to reasonable expenses, including attorney fees, and under today's circumstances, attorney fees of $25 would not be reasonable. This is especially true in this case, wherein the uncontroverted evidence by affidavit is that the reasonable attorney fees of appellee amount to $635. Even R.C. 2505.35 refers to reasonable fees, although there is the $25 limitation. Accordingly, we find that the monetary limitations of R.C. 2505.35 do not limit the discretion of this court to award damages for a frivolous appeal pursuant to App. R. 23, where the actual reasonable expenses, including reasonable attorney fees, are greatly in excess of the monetary limitations set forth in R.C. 2505.35.

Accordingly, plaintiff's assignment of error is overruled, the judgment of the Franklin County Court of Common Pleas is affirmed. Defendant's motion for attorney fees is sustained, pursuant to App. R. 23 and R.C. 2505.35, this court finding both that the appeal is frivolous and that there was no reasonable cause for the appeal. As part of the costs herein there shall be assessed $635 representing the attorney fees of defendant expended in defending this appeal, which amount this court finds to be reasonable; and all costs, including such attorney fees in the amount of $635, are assessed against, shall be paid by and collected from plaintiff.

*Judgment affirmed and attorney fees assessed.*

REILLY and NORRIS, JJ., concur.