OWENS ET AL., APPELLANTS, *v.* ANDERSON, APPELLEE.

(No. CA 2299—Decided July 31, 1987.)

*Alfred J. Weisbrod,* for appellants. *Jenks, Surdyk, Gibson & Cowdrey Co., L.P.A.,* and *Christopher F. Johnson,* for appellee.

WOLFF, J. Dennis J. Owens appeals from a summary judgment granted by the Court of Common Pleas of Clark County in favor of Dr. George Anderson.

The complaint was filed September 9, 1985, alleging that George Anderson, M.D., Clark County Coroner, engaged in negligent, fraudulent, and willful conduct in connection with the investigation of Janet L. Owens' death. Janet Owens died while undergoing treatment for a back injury at Mercy Medical Center. The complaint also alleged that Owens was a third-

party beneficiary of a contract between the coroner and Clark County, which Anderson had breached. Anderson's answer was submitted on October 8, 1985.

The trial court granted summary judgment on November 24, 1986, pursuant to a motion by Anderson. He had argued that Owens' case was based in malpractice and barred by the statute of limitations. In the alternative, Anderson claimed there was no contractual relationship between the coroner's office and Clark County. He also argued that as an elected official he is entitled to limited immunity. The summary judgment motion was supported by Anderson's affidavit.

Owens responded to the motion for summary judgment with a memorandum in opposition. He failed, however, to submit any evidence supporting his position. Following a supplemental memorandum submitted by Anderson, summary judgment was granted.

Owens appeals and asserts one assignment of error:

"The trial court erred to the prejudice of the plaintiff by granting defendant's motion for summary judgment while there still exists material facts in dispute."

Owens argues that several genuine issues of material fact still exist. He claims Anderson's status, as a physician or coroner, is a question for the trier of fact. He argues that the status chosen is crucial to the determination of whether this is a malpractice action or some other tort action.

In addition, Owens claims, even if this is a malpractice action, it is not barred by the statute of limitations. The statute of limitations starts to run when the injury resulting from malpractice is discovered or should have been discovered. The argument is that the circumstances surrounding discovery are questions for the trier of fact.

If Anderson is considered a public official, protected by limited immunity, Owens argues there is still a genuine issue of material fact. In this situation, the trier of fact would have to determine if Anderson acted within his authority. Therefore, he concludes that under either scenario, malpractice action or other tort action, summary judgment was inappropriate.

To determine if summary judgment is proper, the evidence is construed in the light most favorable to the non-moving party. However, when the summary judgment motion is supported by evidentiary materials and establishes the absence of genuine issues of material fact, the burden shifts to the non-moving party to submit opposing evidence. Civ. R. 56(E). See, also, *Albritton* v. *Neighborhood Centers Assn.* (1984), 12 Ohio St. 3d 210, 12 OBR 295, 466 N.E. 2d 867; *Siegler* v. *Batdorff* (1979), 63 Ohio App. 2d 76, 17 O.O. 3d 260, 408 N.E. 2d 1383. In fact, if the non-moving party fails to respond, the moving party's affidavits are accepted as true. *Stemen* v. *Shibley* (1982), 11 Ohio App. 3d 263, 11 OBR 441, 465 N.E. 2d 460; *Strauch* v. *Gross* (1983), 10 Ohio App. 3d 303, 10 OBR 507, 462 N.E. 2d 433; *Gannett* v. *Booher* (1983), 12 Ohio App. 3d 49, 12 OBR 190, 465 N.E. 2d 1326.

The trial court provides us with no insight into why Anderson's motion was sustained. As indicated above, Anderson argued, among other things, that as an elected official he was entitled to limited immunity. Anderson submitted a motion for summary judgment, memorandum, affidavit, and supplemental memorandum. His affidavit, as it relates to the limited immunity question, states in part:

"2. That he is a physician licensed to practice medicine in the State of Ohio, and for a period in excess of 20 years has served as the Clark County

Coroner, an office to which he was elected by the voting populace.

"* * *

"5. That following the death of Janet L. Owens on March 28, 1982, he determined that an investigation and autopsy were necessary, and obtained the consent of the plaintiff to proceed in the manner.

"6. That since his medical specialty is in the field of internal medicine and the death investigation required expertise in forensic medicine, he appointed Dr. R. L. Lowden, a pathologist, to conduct the autopsy and perform all necessary and appropriate tests, including two separate toxicology evaluations.

"7. That he relied totally upon the expertise of Dr. Lowden in obtaining pathology and toxicology findings concerning the death of Janet Owens.

"8. That based upon all medical and scientific evidence which was obtained as a result of the autopsy and investigation, he concluded that a specific cause of death could not be established. Consequently, it was determined that Janet Owens died of unknown causes.

"9. That at no time during the investigation and autopsy of the death of Janet Owens did he act with any malicious, corrupt, personal or improper motives, nor did he communicate any false or misleading representations to anyone.

"10. That he had and continues to have no reason to believe that any of the findings or conclusions which were arrived at during the autopsy and investigation were false, misleading, or incorrect.

"11. That at no time during the autopsy or investigation of the death of Janet Owens did he intend to induce reliance by the plaintiffs upon any false or misleading statements. * * *"

As indicated previously, Owens did not respond to Anderson's affidavit with any evidentiary material whatsoever.

As to the civil liability of public officials, the Supreme Court of Ohio has stated in *Scot Lad Foods* v. *Secy. of State* (1981), 66 Ohio St. 2d 1, 8, 20 O.O. 3d 1, 5, 418 N.E. 2d 1368, 1373:

"Generally, as to the civil liability of a public officer for acts and functions carried out while in office, it is well settled that a public officer acting within the scope of his authority is not liable individually, in the absence of bad faith or a corrupt motive, for failure properly to perform a duty involving judgment and discretion. * * *

"[I]t has also generally been the common law in Ohio that the rule that officers may not be held accountable for errors of judgment does not apply to ministerial acts except as such may be of a quasi-judicial nature. * * *"

Of the duties of the coroner it has been stated by the court:

"Among his ministerial duties is the serving of summons upon the sheriff, when the latter is a party to an action, the listing and handling of the effects of deceased persons that come into his possession, and many other duties specified in the statute, which he must perform without regard to his own judgment as to the propriety of the act, and with no power to exercise discretion.

"His duties become quasi judicial in character when he is required to make a finding upon evidence as to whether or not a person whose body is found in the county came to his death by unlawful or suspicious means 'and proceed to inquire how the deceased came to his death, whether by violence from any other person or persons, * * * and all circumstances relating thereto.' " *State, ex rel. Harrison,* v. *Perry* (1925), 113 Ohio St. 641, 644-645, 150 N.E. 78, 79.

This discretion of the coroner as it

relates to autopsies is also recognized in R.C. 313.13.

Without question, the acts of the coroner about which Owens complains were quasi-judicial and discretionary by nature.

Anderson's affidavit — opposed by no evidentiary material whatsoever — puts him squarely within the immunity enjoyed by public officials. Furthermore, as a public official he enjoys a presumption that he acted in good faith, which Owens has not overcome with any evidentiary material. See *State, ex rel. Maxwell,* v. *Schneider* (1921), 103 Ohio St. 492, 498, 134 N.E. 443, 445.

Because we are satisfied that, on the state of the evidence, Anderson clearly enjoys immunity as a public official, summary judgment was properly granted. Immunity, if demonstrated, was an independent, sufficient basis upon which to render summary judgment for Anderson. There were no other *material* facts in dispute. As such, we need not address whether judgment was proper as to Anderson's other contentions.

*Judgment affirmed.*

WILSON and FAIN, JJ., concur.