MEMORANDUM OPINION *Page 2 
{¶ 1} On September 27, 2007, appellant, Alea London Limited, filed a notice of appeal from the September 13, 2007 judgment entry of the Geauga County Court of Common Pleas.
 {¶ 2} This case stems from a declaratory judgment action in the trial court brought by appellant. In the September 13, 2007 entry, the trial court overruled a motion for summary judgment filed by appellant.
 {¶ 3} Section 3(B)(2), Article IV of the Ohio Constitution limits the jurisdiction of an appellate court to the review of final judgments of lower courts. In order for a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied. See Alden v. Kovar, 11th Dist. Nos. 2006-T-0050 and 2006-T-0051, 2006 WL 1816263, at ¶ 5, citing to Chef Italiano Corp. v.Kent State Univ. (1989), 44 Ohio St.3d 86, 88. Moreover, "[a]n order denying a motion for summary judgment is not a final appealable order."State ex rel. Overmeyer v. Walinski (1966), 8 Ohio St.2d 23, 23. However, the denial of a motion for summary judgment is always reviewable on an appeal from a subsequent final judgment.Alden, supra, citing to Sagenich v. Erie Ins. Group (Dec. 12, 2003), 11th Dist. No. 2003-T-0144, 2003 WL 22952586, at ¶ 3.
 {¶ 4} Generally, a trial court does not fulfill its function in a declaratory judgment action when it disposes of the issues by journalizing an entry merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document under consideration. Nickschinski v. Sentry Ins. Co. (1993), *Page 3 
88 Ohio App.3d 185, 189. Here, appellant has attempted to appeal the denial of a motion for summary judgment. Therefore, we do not have a final order under R.C.2505.02(B).
 {¶ 5} Based upon the foregoing analysis, this appeal is dismissed due to lack of a final appealable order.
 {¶ 6} Appeal dismissed.
 COLLEEN MARY OTOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1