DECISION AND JUDGMENT ENTRY
{¶ 1} Kathy Lynn Darrow, Plaintiff-Appellant, appeals the decision of the Hocking County Court of Common Pleas granting the summary judgment motions of Defendant-Appellee, Steve Zigan, and Defendant-Appellee, James M. Linehan. Appellant also appeals the trial court's *Page 2 
decision overruling her motion for summary judgment as to Defendant-Appellee, Fairfield Collections.
 {¶ 2} In her first two assignments of error, Appellant contends the trial court erred in granting Zigan and Linehan's summary judgment motions because she was a third party beneficiary of Zigan's representation. In her third assignment of error, she asserts the trial court erred in denying her motion for summary judgment in her declaratory action against Fairfield Collections. Because she cannot establish she is in privity with her former husband's attorney, her first two assignments of error have no merit. As to Appellant's third assignment of error, because the trial court's decision denying her motion for summary judgment does not constitute a final appealable order, it is dismissed. Accordingly, we overrule Appellant's first two assignments of error, dismiss her third assignment of error, and remand the matter to the trial court for further proceedings.
 I. Facts {¶ 3} The underlying action arises out of the dissolution of marriage of Appellant and her former husband, Joseph Darrow. Darrow retained Appellee, Steven Zigan, to represent him in the proceedings. At the time, Zigan was an employee of Appellee James M. Linehan Associates. *Page 3 
 {¶ 4} It is undisputed that Zigan represented Darrow, not Appellant, in the dissolution. Appellant signed an acknowledgment and waiver which reads, in pertinent part: "I, Kathy Darrow, hereby acknowledge that Attorney Steven E. Zigan represents Joseph Darrow, Jr. in our dissolution. I have been informed that Attorney Steve Zigan does not represent me and that I may have an attorney of my own choosing to represent me in this matter. It is my informed choice to proceed with this dissolution without counsel."
 {¶ 5} The separation agreement drafted by Zigan contained a real property provision regarding their home, located in Hocking County, Ohio, and a separate sixty acre parcel of land in Jefferson County, Ohio. The provision reads, in pertinent part: "The husband agrees to quit-claim his interest in these properties to the wife. In the event that the husband fails to timely quit-claim his interest to the wife, the parties agree that this document will serve to quit-claim any interest that he may have in this property." The dissolution of the marriage became final on October 6, 2004. Appellant states that, on that date, Zigan promised her that he would prepare and file the quit claim deeds the next day.
 {¶ 6} Appellant states Zigan was aware that both she and Darrow were concerned about a potential action by Fairfield Bank to recover on a promissory note that Darrow had executed some years earlier. Appellant *Page 4 
was not a signatory to the note and it was executed before her marriage to Darrow. Appellant states the parties intended to transfer the home and the sixty acre parcel in the dissolution in order that "it would avoid her having to pay or use the assets of the house or equity in the house to pay for Dr. Darrow's debts." The quit-claim deeds to the two properties in question were executed by Darrow in February, 2005. However, Zigan did not file the deeds until months later; the house deed was filed in July, 2005, the deed for the sixty acres was filed in August.
 {¶ 7} In March, 2005, before Zigan had filed the deeds, a certificate of judgment in the amount of $81,667.67 was filed against Darrow in favor of Appellee Fairfield Collections, as assignee of Fairfield Bank, on the promissory note Darrow had previously executed. The certificate of judgment purportedly created a judgment lien against the real property owned by Darrow in Hocking County, including Darrow and Appellant's home. Appellant contends that if Zigan had filed the quit-claim deeds in a timely fashion, the judgment lien would not have attached to the home.
 {¶ 8} Appellant filed a complaint against Zigan, and Appellee James M. Linehan Associates as Zigan's employer, for failing to timely prepare and record the deeds, thus resulting in the lien being placed against the home. The complaint also seeks a declaratory judgment against Fairfield *Page 5 
Collections declaring that any property owned by Appellant in Hocking County is free and clear of Fairfield's certificate of judgment.
 {¶ 9} Appellant filed a motion for summary judgment against Fairfield Collections as to the validity of the judgment lien. On May 17, 2006, in a one line journal entry, the trial court denied Appellant's motion for summary judgment in her declaratory action against Fairfield. Subsequently, Appellees Zigan and Lineman also filed motions for summary judgment. On September 20, 2007, again in a one line journal entry, the trial court granted both Zigan and Lineman's motions for summary judgment. On October 10, 2007, the trial court dismissed the case, filing an entry which reads in its entirety, "All matters in the cause have been decided. Case dismissed. There is no just cause for delay." Appellant's current appeal asks us to reverse the trial court's decision on each of the three motions for summary judgment.
 II. Assignments of Error I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS ZIGAN AND LINEHAN WHERE THE PLAINTIFF WAS THE IDENTIFIED AND INTENDED THIRD PARTY BENEFICIARY OF THE REPRESENTATION.
 II. THE TRIAL COURT ERRED TO THE DETRIMENT OF PLAINTIFF BY SUSTAINING THE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT. *Page 6 
 III. THE TRIAL COURT ERRED TO THE DETRIMENT OF PLAINTIFF BY DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT FAIRFIELD COLLECTIONS.
 III. Standard of Review {¶ 10} Each of Appellant's assignments of error challenge the trial court's decisions regarding motions for summary judgment. Accordingly, we initially state the appropriate standard of review for such motions.
 {¶ 11} When reviewing a trial court's decision regarding a motion for summary judgment, appellate courts must conduct a de novo review.Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-186, 738 N.E.2d 1243;Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336,671 N.E.2d 241. As such, an appellate court reviews the trial court's decision independently and without deference to the trial court's determination. Brown v. Scioto Board of Commissioners (1993),87 Ohio App.3d 704, 711, 622 N.E.2d 1153.
 {¶ 12} A trial court may grant a motion for summary judgment only when: 1) the moving party demonstrates there is no genuine issue of material fact; 2) reasonable minds can come to only one conclusion, after the evidence is construed most strongly in the nonmoving party's favor, and that conclusion is adverse to the opposing party, and; 3) the moving party is entitled to judgment as a matter of law. Civ. R. 56; see, also, Bostic v. *Page 7 Connor (1988), 37 Ohio St.3d 144, 146; Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66.
 {¶ 13} "[T]he moving party bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ. R. 56(C) * * *." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292,1996-Ohio-107, 662 N.E.2d 264. These materials include "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any." Id. at 293; quoting Civ. R. 56(C). "* * * [O]nce the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party `may not rest upon mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.'" Foster v. Jackson Cty. Broadcasting,Inc., 4th Dist. No. 07CA4, 2008-Ohio-70, at ¶ 11, quoting Civ. R. 56(E).
 IV. First and Second Assignments of Error {¶ 14} Appellant argues her first and second assignments of error as one and we address them as such. In these assignments of error, Appellant *Page 8 
contends that the trial court erred in granting Appellees Zigan and Linehan's motions for summary judgment.
 {¶ 15} There is no dispute that Zigan represented Darrow, not Appellant in their dissolution. Appellant signed a waiver and acknowledgement stating she understood this fact and that she was proceeding in the dissolution without counsel. In Ohio, attorneys have qualified immunity against the claims of third parties which arise from actions taken while representing their clients. Scholler v.Scholler (1984), 10 Ohio St.3d 98, 462 N.E.2d 158, paragraph one of the syllabus; LeRoy v. Allen, Yurasek Merklin, 114 Ohio St.3d 323,2007-Ohio-3608, 872 N.E.2d 254 at ¶ 15. Unless a third party can establish that it is in privity with the client, or that the attorney acted with malice, the attorney is not liable to the third party. Id.
 {¶ 16} In the case sub judice, Appellant's claims against Zigan and Linehan arise strictly from Zigan's representation of Darrow during the dissolution. She argues that because Zigan did not timely file the quit-claim deeds to the properties in question, she was unable to obtain title to them before Fairfield Bank obtained a judgment lien. Because Zigan was acting solely as Darrow's attorney during the dissolution, and because Appellant has not argued that Zigan acted with malice, Appellant must be able to show *Page 9 
that she was in privity with Darrow in order to maintain her action against Zigan and Linehan as Zigan's employer. We note that Appellant expressly states in her brief that "privity is not needed for liability in this case." As shown by the decisions of the Supreme Court of Ohio inScholler and LeRoy, Appellant is mistaken in this belief.
 {¶ 17} Because privity must be established for Appellant to maintain her action, we next examine whether Appellant was in privity with Darrow for purposes of their dissolution. Appellant states that she "was specifically intended to be the beneficiary of Appellee Zigan's undertaking" and that Darrow employed Zigan expressly to protect her from Darrow's creditors. Further, Appellant states that by failing to timely file the quit claim deeds, Zigan frustrated Darrow's intent. We do not find Appellant's arguments persuasive.
 {¶ 18} In Scholler, a mother, both individually and on behalf of her minor son, brought suit against her former attorney for services he provided during her separation from her husband. The complaint contained a claim that the son was also entitled to recover for the attorney's malpractice. The mother argued that an attorney is liable to a minor child when the attorney negligently negotiates and prepares the child support provisions of a separation agreement. The Supreme Court of Ohio disagreed and *Page 10 
determined that there was no privity between the mother and son for purposes of the son's malpractice claim. In so finding the Court stated, "* * * the interests of a spouse in a separation agreement leading to the dissolution of marriage are not the same as those of a minor child of a marriage. As such, an attorney who represents a spouse in the negotiation of a separation agreement does not simultaneously, automatically represent the interests of a minor child of the marriage."Scholler at 104.
 {¶ 19} In Strauch v. Gross (1983), 10 Ohio App.3d 303, 462 N.E.2d 433, an ex-husband brought suit against his former wife's attorney, alleging malpractice in that the attorney rejected a settlement agreement which would have been acceptable to his former wife. In finding that the ex-husband could not maintain a malpractice action against the attorney, the court stated, "Clearly, there is no privity of contract involved. Defendant apparently relies upon what he considers to be intentional conduct in causing dismissal of the dissolution proceedings because of plaintiff's insistence upon changes in the separation agreement. Whether the conduct be intentional or negligent makes no difference. Defendant owed no duty whatsoever to plaintiff with respect to the dissolution proceedings since it is clearly established that defendant represented only plaintiff's former spouse in the dissolution proceedings. Since no attorney-client relationship existed *Page 11 
between defendant and plaintiff, there was no duty owed by defendant to plaintiff."
 {¶ 20} In the case sub judice, it is undisputed that no attorney-client relationship existed between Appellant and Zigan. Further, following the rationale in the cases cited above, Appellant was not in privity with Darrow. In Scholler, even though provisions for child support had to be included in the separation agreement, and the child would obviously be the beneficiary of such provisions, and it was the intent of the mother that the child should receive such support, the Court found that there was no privity because their interests were not the same. Similarly, though Appellant was the beneficiary of the quit claim-deeds, and even though both Appellant and Darrow had some common purpose in the dissolution, this does not establish privity. By it's very nature, a dissolution of marriage, though not an adversarial procedure, involves conflicting aims and objectives. Ultimately, the interests of the parties in a dissolution are not the same. Further, Appellant has provided us with no authority, nor have we found any in our own search, which indicates that privity, for the purposes of finding legal malpractice, exists between ex-spouses in such a situation.
 {¶ 21} Accordingly, on this issue, we find that there are no genuine issues of material fact left to be determined and that Appellees Zigan and *Page 12 
Linehan are entitled to summary judgment as a matter of law. Because Zigan and Linehan had qualified immunity from Appellant's third-party claims, and because Appellant is unable to establish the privity exception to that immunity, she is unable to maintain a cause of action against them. Appellant's first two assignments of error are overruled.
 V. Third Assignment of Error {¶ 22} Appellant's third assignment of error concerns the validity of the judgment lien held by Appellee, Fairfield Collections, on the home Darrow quit-claimed to Appellant. Appellant asserts the trial court erred in not granting her motion for summary judgment against Fairfield. She argues that the judgment lien against the property is invalid and that she owns the property without encumbrance. However, before we are able to examine the assignment of error on its merits, we must first conduct a final appealable order analysis.
 {¶ 23} Under Ohio law, if an order is not final and appealable, appellate courts have no jurisdiction to review it. General AccidentInsurance. Co. v. Insurance Co. of North America (1989),44 Ohio St.3d 17, 20, 540 N.E.2d 266. Even if the parties do not address the lack of a final appealable order, the reviewing court must raise the issue sua sponte. Englefield v. Corcoran, 4th Dist. No. 06CA2906, 2007-Ohio-1807, at ¶ 24; *Page 13 Whitaker-Merrell Co. v. Geupel Construction Co. (1972),29 Ohio St.2d 184, 186, 58 O.O.2d 399, 280 N.E.2d 922.
 {¶ 24} An order is a final appealable order when it is "* * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment * * * ." R.C. 2505.02(B)(1). Additionally, when an action involves multiple claims, it must comply with Civ. R. 54(B) which states, in pertinent part: "When more than one claim for relief is presented in an action * * * the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties * * * ." Civ. R. 54(B).
 {¶ 25} "When an action includes multiple claims or parties and an order disposes of fewer than all of the claims or rights and liabilities of fewer than all of the parties without certifying under Civ. R. 54(B) that there is no just cause for delay, the order is not final and appealable." Dodrill v. Prudential Insurance. Co., 4th Dist. No. 05CA13,2006-Ohio-3674, at ¶ 9, citing Noble v. Colwell (1989),44 Ohio St.3d 92, 540 N.E.2d 1381. *Page 14 
 {¶ 26} In the case sub judice, the trial court's October 10, 2007, judgment entry states as follows: "All matters in the cause have been decided. Case dismissed. There is no just cause for delay." While the trial court denied Appellant's motion for summary judgment against Fairfield on May 17, 2006, in a one line judgment entry, at no point in the proceedings below did it make further determinations regarding Appellant's declaratory judgment action against Fairfield.
 {¶ 27} "The denial of a motion for summary judgment generally is considered an interlocutory order not subject to immediate appeal."Stevens v. Ackman, 91 Ohio St.3d 182, 2001-Ohio-249, 743 N.E.2d 901, at 186. Thus, a denial of summary judgment is not generally a final appealable order. "This is because the denial of the motion does not determine the outcome of the case. The parties both still have the opportunity to prove their case at trial and a judgment in either party's favor is not precluded." International Brotherhood of ElectricalWorkers, Local Union No. 8 v. Vaughn Industries, 6th Dist. No. WD-05-091, 2006-Ohio-475, at ¶ 21.
 {¶ 28} Further, Appellant is seeking a declaratory judgment against Fairfield, yet the trial court has made no declarations of the parties' rights and obligations. "As a general rule, a trial court does not fulfill its function in a declaratory judgment action when it fails to construe the documents at *Page 15 
issue. Hence the entry of judgment in favor of one party or the other, without further explanation, is jurisdictionally insufficient; it does not qualify as a final order." Highland Business Park, LLC v. Grubb Ellis Co., 8th Dist. No. 85225, 2005-Ohio-3139, at ¶ 23. "Generally, a trial court does not fulfill its function in a declaratory judgment action when it disposes of the issues by journalizing an entry merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document under consideration." Alea LondonLtd. v. Skeeter's 19th Hole, Inc., 11th Dist. No. 2007-G-2803,2007-Ohio-6013, at ¶ 4.
 {¶ 29} In the case sub judice, Appellant's action seeking a declaratory judgment against Fairfield has yet to be resolved. Until that time, there can be no final appealable order as to Appellant's third assignment of error. Accordingly, to the extent that it dismisses Appellant's declaratory action against Fairfield, we vacate the trial court's judgment entry of October 10, 2007, and remand the matter to the trial court for further proceedings.
 VI. Conclusion {¶ 30} After reviewing the record below, we find that Appellant's first two assignments of error are unwarranted. Appellee Zigan has qualified immunity from third-party claims. Because Appellant is unable to establish *Page 16 
the privity exception to that immunity, she is unable to maintain an action against Zigan or Linehan as a matter of law. Further, because the trial court's denial of Appellant's motion for summary judgment against Fairfield does not constitute a final appealable order, and because the trial court has made no declaration of the parties' rights and obligations in the declaratory judgment action, we dismiss Appellant's third assignment of error. Accordingly, we overrule Appellant's first two assignments of error, dismiss her third assignment of error and remand the matter to the trial court for further proceedings consistent with this opinion.
JUDGMENT AFFIRMED IN PART, DISMISSED IN PART, AND CAUSE REMANDED.