[Cite as *State ex rel. Chappell v. Mahoning Cty. Coroner Office*, 2017-Ohio-881.]
STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE EX REL. RONALD CHAPPELL, | ) | |
| | ) | |
| RELATOR, | ) | |
| | ) | |
| V. | ) | CASE NO. 17 MA 0042 |
| | ) | |
| MAHONING COUNTY CORONER | ) | OPINION |
| OFFICE, | ) | AND |
| | ) | JUDGMENT ENTRY |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:     Petition for Emergency/Peremptory Writ of Mandamus

JUDGMENT:     Dismissed

APPEARANCES:
For Relator     Ronald Chappell, Pro-se
     No address provided on petition

For Respondent     No contact information provided on petition

JUDGES:

Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: March 10, 2017

PER CURIAM.

{¶1} Relator has filed a petition for an emergency/peremptory writ of mandamus seeking to have this Court compel Respondent to take possession of his deceased mother's body and to perform an autopsy on it before the funeral home conducts a cremation of the body scheduled for March 11, 2017.

{¶2} In the case of a petition for an emergency/peremptory writ of mandamus, an appellate court's review of such a petition is very narrowly prescribed by law. An appellate court can issue a peremptory writ of mandamus only "if the pertinent facts are uncontroverted and it appears beyond doubt that [the relator] is entitled to the requested writ." *State ex rel. Highlander v. Rudduck,* 103 Ohio St.3d 370, 2004-Ohio-4952, 816 N.E.2d 213, ¶ 8.

{¶3} Regarding a petition for a writ of mandamus generally, such a writ is an extraordinary remedy which should be exercised by this court with caution and issued only when the right is clear. *State ex rel. Brown v. Ashtabula Cty. Bd. of Elections,* 142 Ohio St.3d 370, 2014-Ohio-4022, 31 N.E.3d 596, ¶ 11. In order to be entitled to a writ of mandamus a relator must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide such relief, and (3) the lack of an adequate remedy in the ordinary course of law. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996). The burden is on the relator to establish the elements to obtain the writ. *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 34, 656 N.E.2d 332 (1995).

{¶4} Relator alleges he filed a police report in which he claims there was "foul play" surrounding his mother's death. Citing to R.C. 313.12(A), he contends law enforcement should have contacted and informed Respondent of these alleged "suspicious or unusual circumstances." In his petition, Relator states he took it upon himself to notify Respondent's office on March 7, 2017 and March 8, 2017, and requested an autopsy.

{¶5} R.C. 313.12(A) requires only *notification* to the coroner in the case of a death by violence, casualty, suicide, or suspicious or unusual manner. That section does not *require* the coroner to conduct an autopsy. The coroner's determination of

whether and when an autopsy is to be performed is governed by R.C. 313.131. R.C. 313.13(B). As R.C. 313.131(B) makes clear, the coroner's decision in that regard is discretionary: "The coroner, deputy coroner, or pathologist shall perform an autopsy if, *in the opinion of the coroner*, or, in his absence, in the opinion of the deputy coroner, an autopsy is necessary * * *." (Emphasis added.) R.C. 313.131(B); *see also Owens v. Anderson*, 39 Ohio App.3d 196, 530 N.E.2d 942 (2d Dist.1987) (observing that the coroner has discretion as it relates to autopsies).

{¶6} Absent an abuse of discretion, mandamus cannot compel a public official to act in a certain way on a discretionary matter. *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 119, 2009-Ohio-4805, 914 N.E.2d 397, ¶ 20 (2009). In other words, while the extraordinary remedy of mandamus may be available to compel a public official to perform a duty specifically enjoined by law (i.e., exercise their discretion concerning a mandated duty), it does not permit the courts to *control* that public official's discretion. *City of Cleveland ex rel. Neelon v. Locher*, 25 Ohio St.2d 49, 51, 266 N.E.2d 831 (1971).

{¶7} In this instance, Relator acknowledges in his petition that he notified Respondent of the alleged suspicious or unusual circumstances attendant to his mother's death and requested an autopsy. However, it is apparent from Relator's petition that Respondent, in the exercise of his discretion, concluded Relator's mother died of natural causes and, thus, an autopsy was not necessary.

{¶8} Accordingly, the alleged facts contained within Relator's petition reflect that Respondent met his legal duty under R.C. 313.131(B). While Relator takes issue with how Respondent exercised his discretion, as indicated above, mandamus does not permit courts to control how a public official exercises their discretion. Upon a thorough review and careful consideration of Relator's petition, we can only conclude the pertinent facts are not uncontroverted and it does not appear beyond doubt that Relator is entitled to the requested writ.

{¶9} Accordingly, the petition is dismissed. Final order. No costs assessed.

Donofrio, J., concurs

Robb, J., concurs