[Cite as *Sceptre, Inc. v. Big Sandy Distrib. Inc.*, 2018-Ohio-2612.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| Sceptre, Inc., | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 18CA3831 |
| | : | |
| v. | : | |
| | : | |
| Big Sandy Distribution Inc., | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| | : | |
| Defendant-Appellant. | : | **RELEASED: 06/11/2018** |
| | : | |

HARSHA, J.,

Appellant Big Sandy Distribution appealed a trial court order denying its motion for summary judgment. Appellee Sceptre moved to dismiss the appeal on the ground that an order denying a summary judgment motion is not a final appealable order. Big Sandy opposed the motion contending that the trial court included Civ.R. 54(B) "no just reason for delay" language. However, here the order is a nonfinal order under R.C. 2505.02 and a Civ.R. 54(B) certification cannot transform the nonfinal order into a final appealable order. Because the trial court order is not a final appealable order, we **GRANT** Sceptre's motion and **DISMISS** this appeal.

I. Procedural History

Sceptre sued Big Sandy for monies Sceptre alleged it is owed on a credit agreement. Big Sandy filed a counterclaim alleging that Sceptre defaulted on the terms of the agreement by failing to deliver conforming goods. Big Sandy alleged that it gave Sceptre proper notice of the defective shipment and Sceptre has been unjustly enriched by receiving payment and/or assessing indebtedness without providing conforming goods.

Big Sandy filed a motion for summary judgment seeking to have Sceptre's

complaint dismissed. The motion did not seek judgment on Big Sandy's counterclaim.

Sceptre opposed the motion. The trial court denied the motion, finding:

> This matter alleges a breach of contract which involves disputes about TVs purchased and TVs sent back. The Plaintiff believes they paid the right amount and the Defendant believes they owe less than the amount of $20,689.00 with interest at 3% from April 19th, 2013.

> The Court having reviewed the entire briefs herein and this file finds this is a mathematical formula subject to all kinds of issues and facts.

> Based upon the foregoing, the Court finds Defendant's Motion for Summary Judgment to be not well taken and therefore overruled. There being no just reason for delay, this is a final appealable order.

Big Sandy appealed.

## II. Legal Analysis

Appellate courts "have such jurisdiction as may be provided by law to review and

affirm, modify, or reverse judgments or final orders of the courts of record inferior to the

court of appeals within the district." Section 3(B)(2), Article IV, Ohio Constitution*; see also*

R.C. 2505.03(A). If a court's order is not final and appealable, we have no jurisdiction to

review the matter and must dismiss the appeal. *Eddie v. Saunders*, 4th Dist. No. 07CA7,

2008–Ohio–4755, ¶ 11.

An order must meet the requirements of both R.C. 2505.02 and Civ.R. 54(B), if

applicable, to constitute a final, appealable order. *Chef Italiano Corp. v. Kent State Univ.*,

44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989). Under R.C. 2505.02(B)(1), an order is a final

order if it "affects a substantial right in an action that in effect determines the action and

prevents a judgment." To determine the action and prevent a judgment for the party

appealing, the order "must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).

Additionally, if the case involves multiple parties or multiple claims, the court's order must meet the requirements of Civ.R. 54(B) to qualify as a final, appealable order. Under Civ.R. 54(B), "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Absent the mandatory language that "there is no just reason for delay," an order that does not dispose of all claims is subject to modification and is not final and appealable. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989); *see* Civ.R. 54(B). The purpose of Civ.R. 54(B) is " 'to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals[,]' as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal." *Pokorny v. Tilby Dev. Co.*, 52 Ohio St.2d 183, 186, 370 N.E.2d 738 (1977) (citations omitted); *see also Turner v. Robinson*, 4th Dist. Highland No. 15CA11, 2016-Ohio-2981, ¶ 29.

To determine whether a judgment is final, an appellate court must employ a two-step analysis:

> First, it must determine if the order is final within the requirements of R.C. 2505.02. If the court finds that the order complies with R.C. 2505.02 and is in fact final, then the court must take a second step to decide if Civ.R. 54(B)

language is required.

*Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 21, 540 N.E.2d 266 (1989);

*see also CitiMortgage v. Roznowski,* 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d

1140, ¶ 10; *Walburn v. Dunlap*, 121 Ohio St.3d 373, 904 N.E.2d 863, 2009-Ohio-1221, ¶

13.

Here the order is not final under R.C. 2505.02. "The denial of a motion for

summary judgment generally is considered an interlocutory order not subject to

immediate appeal." *Stevens v. Ackman*, 91 Ohio St.3d 182, 186, 2001-Ohio-249, 743

N.E.2d 901, 904.  "A denial of summary judgment is not generally a final appealable

order 'because the denial of the motion does not determine the outcome of the case. The

parties both still have the opportunity to prove their case at trial and a judgment in either

party's favor is not precluded.' " *Darrow v. Zigan*, 4th Dist. Hocking Nos. 07CA25,

07AP25, 2009-Ohio-2205, ¶ 27 (Harsha, J., concurring on the issue of the lack of final

appealable order) quoting *International Brotherhood of Electrical Workers, Local Union*

*No. 8 v. Vaughn Industries*, 6th Dist. No. WD-05-091, 2006-Ohio-475, ¶ 21.

The trial court's order denying summary judgment does not make a final

determination of Scepter's claim. Big Sandy's motion sought to have Scepter's claim

dismissed, but the trial court determined that the claim was subject to a mathematical

formula with "all kinds of issues and facts." Thus, the trial court could not make a final

determination – it could not grant Big Sandy a summary judgment and dismiss Sceptre's

claim.

Because the order is a nonfinal order, Civ.R. 54(B) language cannot transform it

into a final appealable order. *Wisintainer* held:

> [T]he phrase "no just reason for delay" is not a mystical incantation which transforms a nonfinal order into a final appealable order. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64. Such language can, however, through Civ.R. 54(B), transform a final order into a final appealable order.

*Wisintainer,* 67 Ohio St.3d at 354. This analysis is consistent with the well-settled principle that " 'Civ.R. 54(B) does not alter the requirement that an order must be final before it is appealable.' " *Gen. Acc. Ins .* at 21, quoting *Douhitt v. Garrison*, 3 Ohio App.3d 254, 255, 444 N.E.2d 1068 (1981); *Fertec v. BBC&M Engineering*, 10th Dist. Franklin No. 08AP-998, 2009-Ohio-5246, ¶ 16.

Because the trial court's order was not a final, appealable order, we lack jurisdiction to consider the matter. We grant Sceptre's motion and dismiss this appeal.

The clerk shall serve a copy of this order on all counsel of record and unrepresented parties at their last known addresses by ordinary mail.

**MOTION GRANTED. APPEAL DISMISSED.  COSTS TO APPELLANT.  SO ORDERED.**

Abele, J. & McFarland, J.:  Concur.

**FOR THE COURT**

_____
William H. Harsha
Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**