THE STATE EX REL. LEE ET AL., APPELLANTS, *v.* MONTGOMERY, ATTORNEY GENERAL, APPELLEE.

[Cite as *State ex rel. Lee v. Montgomery* (2000), 88 Ohio St.3d 233.]

(No. 99–1760—Submitted February 23, 2000—Decided March 22, 2000.)

*Martha C. Lee*, pro se.

*Betty D. Montgomery*, Attorney General, and *Monica A. Moloney*, Assistant Attorney General, for appellee.

**Per Curiam.** Lee asserts that the court of appeals erred in denying the requested writ of mandamus. Lee's preeminent claim is for a writ of mandamus to compel the Attorney General to "take such action as is necessary * * * to resolve the matter of identifying the rest of the members of the 'class of beneficiaries'" of the charitable trust. Lee contends that the Attorney General has a clear legal duty to bring an action to define the other beneficiaries of the trust besides Miami University. Lee further contends that the Attorney General has a clear legal duty to move to vacate the probate court judgment because necessary parties, *i.e.*, the other trust beneficiaries, were not represented in that case.

Lee's contentions are meritless. Absent an abuse of discretion, mandamus cannot compel a public official to act in a certain way on a discretionary matter. *State ex rel. Crabtree v. Franklin Cty. Bd. of Health* (1997), 77 Ohio St.3d 247, 249, 673 N.E.2d 1281, 1283; see, also, *State ex rel. Evans v. Columbus Dept. of Law* (1998), 83 Ohio St.3d 174, 175, 699 N.E.2d 60, 61 ("[A] prosecuting attorney will not be compelled to prosecute except when the failure to do so constitutes an abuse of discretion."). An abuse of discretion connotes an unreasonable, arbitrary, or unconscionable attitude. *State ex rel. First New Shiloh Baptist Church v. Meagher* (1998), 82 Ohio St.3d 501, 503, 696 N.E.2d 1058, 1059–1060.

R.C. 109.24 generally vests discretionary authority in the Attorney General in the investigation and prosecution of matters relating to charitable trusts by providing:

"The attorney general *may investigate* transactions and relationships of trustees of a charitable trust for the purpose of determining whether the property held for charitable, religious, or educational purposes has been and is being

properly administered in accordance with fiduciary principles as established by the courts and statutes of this state. * * *

" * * *

"The attorney general *shall institute and prosecute a proper action* to enforce the performance of any charitable trust, and to restrain the abuse of it *whenever he considers such action advisable* or if directed to do so by the governor, the supreme court, the general assembly, or either house of the general assembly." (Emphasis added.)

The Attorney General had no legal duty under R.C. 109.24 to institute any action to further define other beneficiaries of the charitable trust. As we recently held, " '[n]ot only is a charitable trust permitted by law to have vague, undefined, uncertain beneficiaries, but * * * it is required to have such beneficiaries; and * * * the very essence of a charitable or public trust lies in the indefiniteness of the charitable trust beneficiaries.' " *In re Trust of Brooke* (1998), 82 Ohio St.3d 553, 561, 697 N.E.2d 191, 197, quoting Bogert, Trusts & Trustees (2 Ed. Rev.1991) 26, Section 363.

Moreover, contrary to Lee's assertions, all necessary parties *were* properly joined in the probate court declaratory judgment proceeding. The Attorney General, a necessary party to the proceeding under R.C. 109.25, represented the charitable trust beneficiaries in the probate case. See *Kingdom v. Saxbe* (P.C. 1958), 9 O.O.2d 137, 138, 161 N.E.2d 461, 462 (Attorney General is required to represent the class of indefinite beneficiaries of the charitable trust in declaratory judgment action); see, also, R.C. 109.23 and 109.24.

Lee further argues that an abuse of discretion is exhibited because the Attorney General could not adequately represent both Miami University (through counsel that the Attorney General appointed) and the other potential trust beneficiaries that Lee claims to represent in this action. But these other potential trust beneficiaries are at best only potential beneficiaries. The President of Miami University is vested with the sole discretion under the trust to determine the nature of the projects to be funded. Permitting possible beneficiaries to have separate counsel besides the Attorney General and to institute their own actions to enforce charitable trusts might unduly burden trustees and compromise the best interest of the beneficiaries. See, generally, *Plant v. Upper Valley Med. Ctr.* (Apr. 19, 1996), Miami App. No. 95–CA–52, unreported, 1996 WL 185341.

In fact, Lee's mandamus action appears to be merely a thinly veiled attempt to overturn a probate court judgment that she failed to reverse on appeal when she represented the heirs. Cf. *State ex rel. Sampson v. Parrott* (1998), 82 Ohio St.3d 92, 93, 694 N.E.2d 463, 463 ("Where a plain and adequate remedy at law has been

unsuccessfully invoked, a writ of mandamus will not lie to relitigate the same issue.").

Therefore, Lee has not established that the Attorney General abused her broad discretion under R.C. 109.24 to prosecute the requested actions regarding the charitable trust.

Finally, as the court of appeals held, Lee did not establish her entitlement to a writ of mandamus to compel the Attorney General to force the charitable trust to comply with the registration requirements of R.C. 109.26 because First National has now complied, and a writ of mandamus will not issue to compel an act that has already been performed. *State ex rel. Crim v. Ohio Adult Parole Auth.* (1999), 87 Ohio St.3d 38, 716 N.E.2d 1147, 1148.[1]

Based on the foregoing, Lee is not entitled to the requested extraordinary relief in mandamus. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

1. Although Lee also claimed noncompliance by the trust with the reporting requirements of R.C. 109.31, she does not raise this issue on appeal, and we need not consider it.