OPINION
{¶ 1} Scharron D. Valentine, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas, wherein the court found appellant guilty of felonious assault without specification, in violation of R.C. 2903.11, a second-degree felony, and having a weapon while under disability, in violation of R.C. 2923.13, a fifth-degree felony, and sentenced him to five years on the felonious assault count and six months on the weapons under disability count, to run concurrently.
 {¶ 2} On May 26, 2002, John Passmore, an employee of the City of Columbus, Division of Sewers, was driving a marked city vehicle. As he reached an intersection, he saw a black male, appellant, standing on the street about 50 feet away. Appellant was holding a handgun in each hand. According to Passmore, appellant raised the handguns and pointed them at him. Passmore turned and accelerated away and then heard several gunshots. Passmore called the police. Passmore later found a bullet hole in the mirror of the truck, a bullet hole in a toolbox that was on the truck, and shell casings in the bed of the truck.
 {¶ 3} A resident in the same area, Helen Mitchell, was looking out of her window and saw appellant walking and holding two handguns. She heard appellant yell "Hey, niggers, come out," after which he fired several shots from the guns he was holding in the air. Mitchell then observed appellant get into a small gray car and drive away.
 {¶ 4} A Columbus City Police officer observed a small gray Nissan being driven by appellant weaving in and out of lanes and cutting off other cars. Appellant also failed to signal properly. The police officer initiated a traffic stop and observed the barrel of a handgun sticking out from under the passenger seat. The officer recovered a .380 semi-automatic and a .45 automatic from the vehicle, and .38 and .45 caliber shell casings were found at the scene. Mitchell later identified appellant as the same person she had seen firing the guns. Passmore could not identity the person he had seen, but identified the car he saw the man leaving in.
 {¶ 5} On June 5, 2002, appellant was indicted on one count of felonious assault with a firearm specification and one count of having a weapon under disability. On August 14, 2002, appellant pled guilty to felonious assault and having a weapon under disability, and the firearm specification was dismissed. After reviewing a pre-sentence report, which included the fact that appellant had no prior felony convictions, on October 10, 2002, the trial court sentenced appellant to five years on the felonious assault count and six months on the having a weapon under disability count, which was more than the minimum sentence of two years. Appellant appeals the judgment, asserting the following single assignment of error:
 {¶ 6} "The trial court erred and imposed a sentence contrary to law by making findings and drawing conclusions not supported by the record as to recidivism or seriousness of the offense."
 {¶ 7} Appellant argues in his sole assignment of error the trial court erred in imposing more than the minimum sentence. R.C. 2929.14(B)(2) provides that a trial court is permitted to impose a sentence greater than the minimum upon a defendant who has not previously served a prison term if the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. In doing so, the trial court need not provide its underlying reasons for finding that a prison term greater than the minimum should be imposed. State v. Edmonson (1999), 86 Ohio St.3d 324, syllabus. Rather, the record must simply reflect that the trial court engaged in the necessary statutory analysis and determined that one or both of the exceptions under R.C.2929.14(B) warrant a sentence greater than the minimum. Id. at 326. A trial court has broad discretion in sentencing a defendant, and a reviewing court will not alter the sentence unless the trial court abused its discretion. State v. Yontz (1986), 33 Ohio App.3d 342, 343. An abuse of discretion amounts to more than a mere error of judgment but implies that the trial court's decision was arbitrary, unreasonable, or unconscionable. State ex rel. Lee v. Montgomery (2000), 88 Ohio St.3d 233,235.
{¶ 8} The record does not support appellant's argument that the trial court abused its discretion in imposing more than the minimum sentence upon appellant. R.C. 2929.14(A)(2) permits a sentencing range of two to eight years for a second-degree felony. The trial court ordered appellant be imprisoned for five years on the felonious assault count. The trial court indicated in its judgment entry that it did not impose the minimum sentence because it would demean the seriousness of the crime. Although appellant had no prior felony convictions, the trial court noted that he had numerous misdemeanor violations, including carrying a concealed weapon, improper handling in a motor vehicle, assault on a police officer, and using a weapon while intoxicated. The trial court stated that appellant was lucky there was no injury, given that Passmore's truck mirror was hit in addition to a toolbox in the bed, putting Passmore in direct danger. Appellant's counsel claimed at the sentencing hearing that appellant was trying to defend himself against other people who had earlier threatened him with weapons, and he was not aiming at Passmore. However, Passmore stated at the sentencing hearing that there was no question appellant was shooting at him because there was nobody on the street but the two of them, and appellant pointed the guns directly at him. The trial court noted that even if appellant was not pointing the guns at Passmore, there was still serious danger in discharging a weapon in a public area. The court also found appellant's recidivism to be likely, given his record dating back to 1987, which included increasingly serious weapon use. The trial court imposed a sentence in the middle of the sentencing range for felonious assault. The trial court also appropriately considered the seriousness and recidivism factors set out in R.C. 2929.12. Based upon the evidence presented during the sentencing hearing and the trial court's findings, we find the trial court did not abuse its discretion in finding the shortest prison term would have demeaned the seriousness of appellant's conduct. Appellant's assignment of error is overruled.
{¶ 9} Accordingly, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS and WATSON, JJ., concur.