OPINION
{¶ 1} Defendant-appellant, Paul C. Irvin (hereinafter "appellant"), appeals from the judgment entry of the Franklin County Court of Common Pleas finding him guilty, pursuant to a jury verdict, of one count of felonious assault, in violation of R.C. 2903.11. For the reasons which follow, we affirm.
 {¶ 2} According to the evidence introduced at trial, the charges arose from appellant's physical assault of his girlfriend, Danielle Dipasquale. In the early morning hours of December 16, 2001, appellant was witnessed kicking Ms. Dipasquale four or five times while she was on the ground. He then proceeded to grab her and drag her face down along the concrete sidewalk. Appellant continued to drag her to his apartment and over the step into the threshold of the apartment. Appellant was described as ranting and raving during the assault.
 {¶ 3} Ms. Dipasquale suffered a broken nose and abrasions on her arms and legs from the assault.
 {¶ 4} On December 26, 2001, appellant was indicted by the Franklin County Grand Jury on one count of felonious assault, one count of abduction and one count of obstructing official business. A jury trial in the matter commenced on February 19, 2003. On February 21, 2003, the jury returned a guilty verdict on the felonious assault count and a not guilty verdict on the abduction count. The trial court entered a nolle prosequi on the count of obstructing official business.
 {¶ 5} The trial court requested a presentence investigation and set the matter for a sentencing hearing, which was conducted on May 22, 2003. The trial court sentenced appellant to three years of imprisonment.
 {¶ 6} Appellant timely appeals and asserts the following assignment of error:
The trial court erred by imposing greater that [sic] the minimum allowable sentence without specifically finding the facts set forth in R.C. 2929.14(B).
 {¶ 7} When imposing a sentence on an individual who has not previously served a prison term, R.C. 2929.14(B) requires the trial court include on the record a finding either "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." In interpreting R.C. 2929.14(B), the Supreme Court of Ohio concluded a trial court is not required to "give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." State v.Edmonson (1999), 86 Ohio St.3d 324, syllabus (emphasis added).
 {¶ 8} In accordance with R.C. 2929.14(B), the trial court concluded "to impose a minimum sentence would demean the seriousness of this offense, even though this is a first time prison term." (Tr. at 308.) As the Edmonson court held, the trial court is not required to state the reasons for its findings under the circumstances prescribed in R.C. 2929.14(B), the trial court did not err in failing to state its reasons.
 {¶ 9} Notwithstanding, during the course of the sentencing, the trial court explained its reasons for imposing a sentence greater than the minimum. "The reason for that is because you have not accepted responsibility for the injuries suffered by the victim in this case and other facts presented to the court at trial." (Tr. at 308.) Additionally, the trial court stated:
* * * [T]his isn't an isolated incident when I look at your record. This, apparently, is something that the courts haven't been able to get you or Ms. Dipasquale to take seriously. So because of this history, because of the testimony the court heard, because I don't believe it happened the way Ms. Dipasquale tried to tell this court it occurred, the court believes that this is not only a serious offense but that recidivism is likely because you have not accepted responsibility for this incident.
(Tr. at 307.)
Finally, the trial court stated its adoption of the prosecution's comments and incorporated them into her findings, which were as follows:
* * * There are some factors that indicate the defendant's conduct was more serious. The victim suffered serious physical harm. She had a broken nose. She had abrasions on her arms and legs from the concrete from the defendant.
The relationship facilitated the offense, they were living together and involved in a relationship at the time the offense was committed.
There are other factors. The defendant fought and resisted the police. He referred to the female officers as bitches and cunts.
I would point out that recidivism is likely in this case, and he has a history of criminal convictions, and prior charges of domestic violence were either dismissed with Danielle Dipasquale and Toni Stewart. He has not responded favorably to previous sanctions and been on probation before and has failed to do any anger management and any domestic violence counseling, and he didn't pay the restitution or complete any of the community service. He has no genuine remorse, and he maintains that the victim suffered injuries by getting hit by a door in the nose, even though that contradicts testimony of the police, neighbors and the history that the victim gave to the medical personnel at the hospital.
(Tr. at 302-303.)
 {¶ 10} The foregoing clearly reveals the trial court fully complied with the requirements of R.C. 2929.14(B) in imposing more than the minimum sentence. In addition, the trial court's recitation of the case specific reasons supporting its sentencing decision, while not required, certainly amplify a sentence that is clearly appropriate under the circumstances of this case.
 {¶ 11} Accordingly, appellant's assignment of error is hereby overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Lazarus, P.J., and Klatt, J., concur.