OPINION
{¶ 1} Defendant-appellant, Mario L. Walker, timely appeals from the June 18, 2004 judgment entry of the Franklin County Court of Common Pleas, which sentenced appellant to nine years incarceration as a result of his convictions on two counts of trafficking in cocaine, one count of possession of cocaine and one count of possession of a dangerous ordnance. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} By indictment filed February 26, 2002, appellant was charged with four counts of trafficking in cocaine, two counts of possession of cocaine, one count of possession of a dangerous ordnance and one count of receiving stolen property. On December 16, 2002, pursuant to a plea agreement, appellant changed his previously entered not guilty plea and entered guilty pleas to two counts of trafficking in cocaine, in violation of R.C. 2925.03, both felonies of the second degree; one count of possession of cocaine, in violation of R.C. 2925.11, a felony of the second degree; and one count of possession of a dangerous ordnance in violation of R.C. 2923.17, a felony of the fifth degree. At the conclusion of appellant's sentencing hearing, the court imposed a sentence of three-years incarceration on each of the three drug convictions, and 11 months of incarceration for the possession of a dangerous ordinance conviction. The court ordered that each three-year sentence would be served consecutively with one another, and the 11-month sentence would be served concurrently with the three-year sentences on the drug counts. Appellant's sentence totaled nine years.
 {¶ 3} In State v. Walker, Franklin App. No. 03AP-232, 2003-Ohio-6936,[1] ("Walker I") appellant appealed the trial court's judgment, in which we affirmed the imposition of consecutive sentences pursuant to R.C. 2929.14(E), but found the court failed to comply with the sentencing guidelines set forth in R.C.2929.14(B) in imposing greater than the minimum sentence on the three drug counts. As a result, we remanded this matter for resentencing.Walker I, at ¶ 15.
 {¶ 4} On remand, during the resentencing hearing, defense counsel urged the court to impose a lesser sentence than the trial court had originally imposed. In his mitigation, appellant referenced only his conduct that occurred since the imposition of his sentence on December 16, 2002. Specifically, appellant indicated he had participated "in every available program," "has the equivalent of a trustee's status in the institution," he obtained his GED and that his work responsibilities at the prison included food preparation. (June 15, 2004 Tr. at 4-5.) Thereafter, the trial court indicated:
[W]e had here what Mr. Walker himself admitted was a drug dealer operation. We had multiple sales. We had during the search warrant, 476 grams of powder coke, two grams of crack, a number of guns, $31,130 in cash. When you get the drug scales and so forth, when you get down to cutting agents, similac, so forth, that is pretty hard to figure that's somebody's personal stash. * * *
(Id. at 8.)
 {¶ 5} The trial court stated it considered appellant's age in imposing "almost the lowest possible sentence." (Id. at 9.) Further, the court found appellant had a juvenile conviction for aggravated trafficking, and noted he had not previously served a prison term. (Id. at 10.) In conclusion, the court imposed the identical sentence received by appellant at the original sentencing hearing. Because appellant was involved in a "full — blown dealing operation," the court found that to impose a minimum sentence would "demean the seriousness of the offense and would not adequately protect the public." (Id. at 10.) At the conclusion of the hearing, the trial court reiterated its finding that a minimum sentence was inappropriate, because it would demean the seriousness of the offense and would not adequately protect the public. (Id. at 14-15.)
 {¶ 6} On appeal, appellant raises a single assignment of error:[2]
The trial court erred by imposing greater that the minimum allowable sentence without specifically finding the factors set forth in R.C.2929.14(B).
 {¶ 7} In his assignment of error, appellant contends the trial court did not give sufficient consideration to his progress in the institution when it imposed the same sentence on remand. Appellant asserts his participation in programs and his job at the institution, all of which occurred after he was originally sentenced, demonstrate he is "not the same person who was previously before this court." (Appellant's brief at 6.) Contrary to the trial court's holding, appellant asserts imposing the minimum sentence would adequately protect the public interest.
 {¶ 8} In addressing appellant's assignment of error, the State argues the trial court made the appropriate findings pursuant to R.C. 2929.14(B) in its imposition of greater than the minimum sentence on each offense. Additionally, the State asserts that, even though it was not required, the trial court gave reasons in support of its findings. Thus, the State contends the trial court complied with the sentencing guidelines found in R.C. 2929.14(B), which was the purpose of our remand for sentencing.
 {¶ 9} R.C. 2929.14(B) provides in pertinent part:
[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 {¶ 10} Before imposing more than the minimum sentence in accordance with R.C. 2929.14(B), a trial court is not required to give its reasons for its finding that the shortest prison term will demean the seriousness of the offender's conduct or that the public will not be adequately protected from future crimes. State v. Edmonson (1999), 86 Ohio St.3d 324,715 N.E.2d 131, syllabus.
 {¶ 11} Moreover, a trial court has broad discretion in sentencing a defendant, and a reviewing court will not alter the sentence unless the trial court abused its discretion. State v. Yontz (1986),33 Ohio App.3d 342, 343, 515 N.E.2d 1012. An abuse of discretion amounts to more than a mere error of judgment but implies that the trial court's decision was arbitrary, unreasonable, or unconscionable. State exrel. Lee v. Montgomery (2000), 88 Ohio St.3d 233, 235, 724 N.E.2d 1148.
 {¶ 12} Here, the court indicated appellant had not previously served a prison term. The court articulated the facts of the case on the record, and concluded that because appellant was involved in a "full-blown dealing operation," to impose a minimum sentence would "demean the seriousness of the offense and would not adequately protect the public." (June 15, 2004 Tr. at 10.) The court reiterated these findings at the conclusion of the sentencing hearing. (Id. at 14-15.) Thus, the record reflects the court fully complied with the requirements of R.C. 2929.14(B). As such, we find the court did not abuse its discretion in its imposition of more than the minimum sentence.
 {¶ 13} We need not analyze the appropriateness of the court's reasons in support of its findings, as such an analysis is unnecessary under R.C. 2929.14(B). Edmonson, supra. See, also, State v. Irvin, Franklin App. No. 03AP-618, 2004-Ohio-1627; State v. Randlett, Franklin App. No. 03AP-385, 2003-Ohio-6934.
 {¶ 14} Accordingly, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and French, JJ., concur.
[1] A thorough procedural and factual history of this case is included in our opinion ruling upon Walker's first appeal.
[2] Appellant's appeal of the denial of his petitions for post-conviction relief in this matter is addressed in Franklin App. No. 04AP-179.