THE STATE EX REL. HUSTED *v.* BRUNNER, SECY. OF STATE.

[Cite as *State ex rel. Husted v. Brunner,* 123 Ohio St.3d 119, 2009-Ohio-4805.]

*Mandamus — Writ sought to compel secretary of state to dismiss or deny challenge of relator's residency or to decide matter submitted on a tie vote by a board of elections — Peremptory writ granted to compel secretary of state to decide matter submitted by board.*

(No. 2009-1455 ─ Submitted September 11, 2009 ─ Decided September 14, 2009.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} This is an original action for a writ of mandamus to compel the secretary of state to immediately dismiss or deny the purported challenge concerning whether relator is a qualified elector of Montgomery County or, in the alternative, to immediately issue a decision on the matter. We grant a peremptory writ of mandamus to compel the secretary of state to summarily decide, no later than seven days from the date of this opinion, the matter submitted to her on a tie vote by the board of elections relating to relator's residency, and we dismiss relator's remaining claims.

### Facts

{¶ 2} Relator, Jon A. Husted, served in the Ohio House of Representatives from 2001 to 2008, representing the 37th House District, which is located in Montgomery County. In November 2008, Husted was elected to the Ohio Senate, where he currently represents the 6th Senate District, which is located in Montgomery County. Husted is listed as a registered voter in

Montgomery County, although he admits that he resides in Franklin County with his family in his wife's home when he is in Franklin County on public business.

{¶ 3} In October 2008, ProgressOhio.org, Inc., a nonprofit corporation, and Regine Elliott, a Montgomery County elector, requested that the Montgomery County Board of Elections investigate Husted's eligibility to vote as a resident of Montgomery County. The board of elections conducted a hearing on the matter in January 2009 at which Husted gave sworn testimony. At a subsequent meeting, the board of elections tied two-to-two on the issue of Husted's residency. By letter dated March 11, 2009, the director of the board of elections submitted the tie vote to respondent, Secretary of State Jennifer L. Brunner.

{¶ 4} On April 7, 2009, the secretary of state determined that the official record submitted by the board of elections was insufficient to permit her to decide the matter and held the matter "in abeyance while Senator Husted is separately provided with the opportunity to submit additional documentation that may assist the board in its decision." The secretary of state requested that Husted submit certain records relating to his residency, and after Husted provided some of these records, the secretary of state subpoenaed certain other records. On June 8, 2009, the secretary of state returned the matter to the board of elections to consider the additional records and to reach a determination on the question of Husted's residency.

{¶ 5} The board of elections reconsidered the matter and again deadlocked two-to-two. The board submitted the tie vote to the secretary of state, who, on July 16, received the materials sent by the board. The secretary of state has not ruled on the matter.

{¶ 6} On August 11, Husted filed this action for a writ of mandamus to compel the secretary of state to immediately dismiss the matter related to his residency, immediately deny the purported challenge to his residency, or immediately issue a decision breaking the board's tie vote. On September 4, the

secretary of state submitted an answer. In her answer, the secretary concedes that she has not yet issued a decision breaking the tie vote and suggests that the board of elections is still investigating the matter and will resolve it.

{¶ 7} This cause is now before us for our S.Ct.Prac.R. X(5) determination.

### Legal Analysis

*S.Ct.Prac.R. X(5) determination*

{¶ 8} We must now determine whether dismissal, an alternative writ, or a peremptory writ is appropriate. S.Ct.Prac.R. X(5). Dismissal, which the secretary of state requests in her answer, is required if it appears beyond doubt, after presuming the truth of all material factual allegations of Husted's complaint and making all reasonable inferences in his favor, that he is not entitled to the requested extraordinary relief in mandamus. *State ex rel. Finkbeiner v. Lucas Cty. Bd. of Elections*, 122 Ohio St.3d 462, 2009-Ohio-3657, 912 N.E.2d 573, ¶ 10.

{¶ 9} If, however, after so construing Husted's complaint, it appears that his mandamus claim may have merit, we will grant an alternative writ and issue a schedule for the presentation of evidence and briefs. *State ex rel. Mason v. Burnside*, 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224, ¶ 8.

{¶ 10} Finally, if the pertinent facts are uncontroverted and it appears beyond doubt that Husted is entitled to the requested extraordinary relief in mandamus, a peremptory writ will be granted. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 14.

*Mandamus to Compel the Secretary of State*

*to Issue a Tie-Breaking Decision*

{¶ 11} "To be entitled to the requested writ, relator[] must establish a clear legal right to the requested relief, a corresponding clear legal duty on the part of the secretary of state to provide it, and the lack of an adequate remedy in

the ordinary course of the law." *State ex rel. Heffelfinger v. Brunner*, 116 Ohio St.3d 172, 2007-Ohio-5838, 876 N.E.2d 1231, ¶ 13.

{¶ 12} R.C. 3501.11(X) provides that the secretary of state must summarily decide the tie vote of a board of elections when it has been submitted to her by the board's director or chairperson:

{¶ 13} "In all cases of a tie vote or a disagreement in the board, if no decision can be arrived at, the director or chairperson shall submit the matter in controversy, not later than fourteen days after the tie vote or the disagreement, to the secretary of state, who shall summarily decide the question, and the secretary of state's decision shall be final."

{¶ 14} In construing this statute, "our paramount concern is the legislative intent in enacting the statute." *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 21. "To discern this intent, we first consider the statutory language, reading words and phrases in context and construing them in accordance with rules of grammar and common usage." *State ex rel. Choices for South-Western City Schools v. Anthony*, 108 Ohio St.3d 1, 2005-Ohio-5362, 840 N.E.2d 582, ¶ 40.

{¶ 15} "Summarily" means "[w]ithout ceremony or delay," Black's Law Dictionary (6th Ed.1990) 1435, and "in a summary manner," Webster's Third New International Dictionary (1961) 2289. "Summary" means "[i]mmediate" and "done without delay." Black's Law Dictionary (9th Ed.2009) 1573; see also Webster's Third New International Dictionary at 2289. Courts have similarly defined "summarily." See, e.g., *Omaha Cold Storage Terminals, Inc. v. Patterson* (2007), 15 Neb.App. 548, 552, 733 N.W.2d 219; *Watkins v. Methodist Healthcare Sys.* (May 13, 2009), Tenn.App. No. W2008-01349-COA-R3-CV, 2009 WL 1328898, *7.

{¶ 16} The first tie vote on Husted's residency was submitted to the secretary of state in March 2009, and the second tie vote on the matter was

submitted to the secretary in mid-July 2009. The secretary of state has not acted with the requisite diligence required by R.C. 3501.11(X) to decide the matter by casting the tie-breaking vote. That is, she has not acted immediately or without delay. In fact, even now it appears that the secretary of state believes that the board of elections is still investigating the matter and will resolve it upon completion of its investigation, although she presented no evidence to support that belief. The statute does not expressly provide a process for the secretary of state to gather additional evidence or to return a matter to a board of elections once it has been submitted to her for a summary decision on the matter.

{¶ 17} "The basic purpose of the writ of mandamus is to compel a public officer to perform the duties imposed upon him by law, and, even though such duties involve the use of discretion, a court, although it cannot control such discretion, may compel the exercise of such discretion." *State ex rel. Scott v. Masterson* (1962), 173 Ohio St. 402, 404-405, 20 O.O.2d 36, 183 N.E.2d 376; see also *State ex rel. Hodges v. Taft* (1992), 64 Ohio St.3d 1, 4, 591 N.E.2d 1186; *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 117 Ohio St.3d 480, 2008-Ohio-1593, 884 N.E.2d 1075, ¶ 9, fn. 2.

{¶ 18} Based on the uncontested facts as admitted by the secretary of state in her answer, Husted has established a clear legal right to have the secretary of state summarily issue a decision breaking the board's tie vote on the issue of his residency, a corresponding clear legal duty on the part of the secretary of state under R.C. 3501.11(X) to summarily decide the matter, and the lack of an adequate remedy in the ordinary course of the law to compel the secretary of state to exercise her discretion to break the board's tie vote.

{¶ 19} Therefore, Husted is entitled to a peremptory writ of mandamus on this claim.

*Mandamus to Compel Secretary of State to Dismiss or Deny*

**{¶ 20}** Husted also seeks a writ of mandamus to compel the secretary of state to either dismiss or deny any purported challenge to Husted's residency. It appears beyond doubt that he is not entitled to the requested extraordinary relief. "Absent an abuse of discretion, mandamus cannot compel a public official to act in a certain way on a discretionary matter." *State ex rel. Lee v. Montgomery* (2000), 88 Ohio St.3d 233, 235, 724 N.E.2d 1148; *State ex rel. Crabtree v. Franklin Cty. Bd. of Health* (1997), 77 Ohio St.3d 247, 249, 673 N.E.2d 1281. The secretary of state has not yet exercised her discretion to break the tie vote submitted by the board of elections on Husted's residency, so any action challenging a potentially adverse decision is premature.

**{¶ 21}** Therefore, we dismiss these remaining claims.

### Conclusion

**{¶ 22}** Accordingly, we grant Husted a peremptory writ of mandamus compelling the secretary of state to comply with her duty under R.C. 3501.11(X) to break the elections board's tie vote and summarily decide the issue of Husted's residency no later than seven days from the date of this opinion. We dismiss Husted's remaining claims, which attempt to control the secretary's discretion in making that decision.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Bricker & Eckler, L.L.P., Maria J. Armstrong, Anne Marie Sferra, and Jennifer A. Flint, for relator.

Richard Cordray, Attorney General, and Richard N. Coglianese, Damian Sikora, and Erick D. Gale, Assistant Attorneys General, for respondent.

_____