[Cite as *State ex rel. Copeland v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-3464.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL., ANTHONY
COPELAND,

          :

    Relator,                :

                              No. 110667

    v.                       :

OHIO DEPT. OF REHAB. & CORR.,
BUREAU OF SENTENCING
COMPUTATION, ET AL.,        :

    Respondents.        :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRITS DENIED
**DATED:** September 24, 2021

---

Writs of Mandamus and Prohibition
Motion No. 548114
Order No. 549154

---

### *Appearances:*

Anthony Copeland, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent Judge Richard Bell.*

MARY J. BOYLE, A.J.:

{¶ 1} Relator, Anthony Copeland, seeks writs of mandamus and prohibition to compel respondents, the Ohio Department of Rehabilitation and

Correction, Bureau of Sentencing Computation ("ODRC"), and Judge Richard Bell,[1] to properly calculate his period of incarceration and parole eligibility dates regarding two criminal cases. For the reasons that follow, we deny the requested writs.

## I. Background

{¶ 2} According to Copeland's complaint filed July 16, 2021, he was a defendant in two criminal cases in the late 1980s. In *State v. Copeland*, Cuyahoga C.P. No. CR-214421, he was sentenced to an indefinite period of incarceration of between ten and 25 years, in addition to six years imprisonment for firearm specifications. The firearm specifications were required to be served prior to the indefinite sentence. In *State v. Copeland*, Cuyahoga C.P. No. CR-213510, he was sentenced to an additional indefinite sentence of between ten and 25 years. The trial court ordered this sentence to be served prior to and consecutive to the sentence imposed in Cuyahoga C.P. No. CR-214421.

{¶ 3} Copeland alleges in his complaint that ODRC improperly calculated his initial parole date. According to relator's calculations, he should have been eligible for parole after serving 7.5 years of his sentence in Cuyahoga C.P. No. CR-213510.

---

[1] Copeland named Judge John D. Sutula as a respondent in his complaint. In the respondent judge's motion for summary judgment, he asserts that Copeland incorrectly named Judge Sutula as a respondent. Judge Bell filed the motion for summary judgment as successor to Judge Burt Griffin, the judge who presided over Copeland's criminal cases. Pursuant to App.R. 29(C), Judge Bell shall be substituted as a respondent. Judge Bell raised no objection or argument related to Copeland's failure to name the proper respondent.

**{¶ 4}** Respondent judge filed a motion for summary judgment on August 13, 2021. Copeland also filed a premature motion for summary judgment on July 22, 2021, which was held in abeyance pending service of the complaint and filings from respondents. ODRC failed to respond to the complaint. As a result, Copeland filed a motion for default judgment and brief in opposition to respondent judge's motion for summary judgment[2] on September 2, 2021.

## I. Law and Analysis

### A. Standards Applicable to this Original Act

**{¶ 5}** In order to obtain a writ of mandamus, a successful relator is required to show, by clear and convincing evidence, that relator has a clear legal right to the requested relief, respondent has a clear legal duty to provide this relief, and the relator lacks an adequate remedy in the ordinary course of law. *State ex rel. Manor Care, Inc. v. Bur. of Workers' Comp.*, 163 Ohio St.3d 87, 2020-Ohio-5373, 168 N.E.3d 434, ¶ 14, quoting *State ex rel. Aaron's, Inc. v. Ohio Bur. of Workers' Comp.*, 148 Ohio St.3d 34, 2016-Ohio-5011, 68 N.E.3d 757, ¶ 18.

**{¶ 6}** An action for prohibition tests the jurisdiction of a court. A successful relator must establish that a judicial officer "has exercised or is about to exercise judicial power, (2) that the exercise of that power is unauthorized by law, and (3)

---

[2] There, Copeland asserts that respondent judge's motion for summary judgment should be denied because it does not comply with "local court rule 29.2." This court does not have such a rule. Copeland may be citing to a federal court rule because the case cited in support is a federal district court case, *Hewes v. Magnusson*, 350 F.Supp.2d 222, 225 (D.Me.2004).

that denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law." *State ex rel. Roush v. Montgomery*, 156 Ohio St.3d 351, 2019-Ohio-932, 126 N.E.3d 1118, ¶ 5, citing *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13.

{¶ 7} A portion of this action is before the court on cross-motions for summary judgment. Pursuant to Civ.R. 56(C),

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶ 8} Copeland has also moved for default judgment against ODRC. However, default judgment in an original action may not simply be entered because a party fails to answer the complaint.

> "When appropriate, a default judgment may be entered in a mandamus action." *State ex rel. Youngstown City School Dist. Bd. of Edn. v. Youngstown*, 84 Ohio St.3d 51, 53, 701 N.E.2d 986 (1998). * * * The analysis whether a default judgment is proper in a mandamus action is essentially the same as an analysis whether a peremptory writ of mandamus is appropriate against a respondent who fails to respond to a complaint. *See id.* at 53.

*State ex rel. State Farm Mut. Ins. Co. v. O'Donnell*, 163 Ohio St.3d 541, 2021-Ohio-1205, 171 N.E.3d 321, ¶ 15. "[A] default judgment may be entered against a political subdivision and its officers only if 'the claimant establishes his claim or right to relief

by evidence satisfactory to the court.'" *Youngstown* at 53, citing Civ.R. 55(D), Civ.R. 8(D), and S.Ct.Prac.R. X(2). Where the claims in a complaint, taken as true, do not entitle a relator to relief, a motion for default judgment may not be entered and the motion is rendered moot. *O'Donnell* at ¶ 15. This is because "the court looks beyond the simple admissions resulting from a failure to serve a responsive pleading." *Youngstown* at 53, citing *State ex rel. Shimola v. Cleveland*, 70 Ohio St.3d 110, 112, 637 N.E.2d 325 (1994).

### B. Mandamus and Sentence Computation

{¶ 9} Copeland alleges that ODRC has improperly aggregated his indefinite sentences imposed in two criminal cases such that ODRC is miscalculating the dates of his parole eligibility. He claims that he should have been eligible for parole in 1995, rather than 2003 when his initial parole hearing was conducted.

{¶ 10} Proper calculation of a period of incarceration is an appropriate claim to assert in mandamus. *State v. Slager*, 10th Dist. Franklin No. 11AP-794, 2012-Ohio-3584, ¶ 16. However, Copeland's complaint is not clear on the precise nature of his claim. Copeland acknowledges that his prison sentences were ordered to be served consecutive to each other. Copeland's motion for summary judgment frames the issue as

> whether the [ODRC], through the Bureau of Sentence Computations [("BOSC")] lawfully removed language from a trial court judgment entry in order to aggregate Copeland's sentences as a matter of law pursuant to Ohio R.Civ.P.56, [sic] where they aggregated his sentence to a twenty (20) to fifty (50) year sentence with two (2) three (3) year firearm specifications.

Because Copeland's complaint clearly states ODRC through [BOSC], removed the language "prior to" from the trial court's judgment entry in case No. CR 213510, so that it could aggregate his sentences from two separate convictions in two separate trials of ten (10) to twenty-five (25) years to a single total aggregate sentence of twenty (20) to fifty (50) years, plus two (2) three (3) year firearm specifications.

{¶ 11} Copeland received a ten- to 25-year sentence in CR-214421 with attendant firearm specifications, and a ten- to 25-year sentence in CR-213510 that was ordered to be served consecutive to and prior to the other sentence. The aggregation of indefinite consecutive felony sentences was and is required by the Ohio Administrative Code: "When consecutive indefinite sentences of imprisonment are imposed for felon[ies], the minimum term to be served is the aggregate of the consecutive minimum terms imposed and the maximum term to be served is the aggregate of the consecutive maximum terms imposed[.]" Ohio Adm.Code 5120-2-03(E)(1). *See also State v. Brown*, 5th Dist. Richland No. 16CA15, 2016-Ohio-5893, ¶ 37. ("Brown will serve the aggregate of all consecutive sentences imposed.") Yet, Copeland appears to argue that he completed his minimum sentence in CR-213510 in 1995 and should have been eligible for parole at that point because the trial court ordered one sentence to be served prior to the other.

{¶ 12} Even though Copeland may have served the minimum portion of his sentence in one case, that does not mean he was eligible for parole at that time. If ODRC may not aggregate his periods of incarceration as he claims, then he did not complete serving the minimum portion of his sentence in all cases when he alleges.

Logically, one cannot be released on parole if he or she is still serving a separate prison sentence in another case. If his sentences were not aggregated, then Copeland would have served the minimum portion of one ten- to 25-year sentence, and then started serving another minimum portion of the other sentence. That is the nature of consecutive sentences. Further, if the sentences are not aggregated then it is doubtful that certain benefits, such as limitations on the minimum aggregate terms of imprisonment found in Ohio Adm.Code 5120-2-03(F), would apply to his sentences — further extending his minimum period of incarceration.

{¶ 13} Copeland's sentences were ordered to be served consecutive to each other, and he has not pointed to any statute, administrative code section, or rule of law that, when correctly applied, supports his position. Copeland does cite to former R.C. 2929.41(E)(2), which limited minimum consecutive terms for certain offenses, but does not allege how this supports his position that ODRC miscalculated his parole eligibility. The inclusion of the phrase "prior to" in one sentence does not render the sentences incapable of being aggregated as Copeland alleges.

{¶ 14} Copeland has not shown that ODRC has improperly aggregated his consecutive sentences.

{¶ 15} Even assuming Copeland's argument is correct, and he should have been eligible for parole at a time earlier than calculated by ODRC, this claim cannot now be corrected in mandamus.[3] The time for asserting such a claim was when it

---

[3] As was explained in a letter received by Copeland from ODRC attached to Copeland's complaint, based on applicable statutes and administrative code sections, the minimum 20-year portion of the sentence was capped at 15 years, which was further

arose, not decades later. Copeland admits in his complaint and pleadings that he has had parole hearings and parole was denied. The relief that could be afforded by this court would be to direct ODRC to conduct a parole hearing. ODRC has already conducted parole hearings. Mandamus cannot be used to compel an act that has already been performed. *State ex rel. ACLU v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 28. This court may not compel ODRC to grant parole because mandamus may not control the discretionary actions of a government official or agency. *See State ex rel. Husted v. Brunner*, 123 Ohio St.3d 119, 2009-Ohio-4805, 914 N.E.2d 397, ¶ 20.

{¶ 16} Copeland asserts that he was unaware of this alleged error because ODRC caused him to believe that it was correctly calculating his parole eligibility. But again, by his own admission, he asserts he should have had a parole hearing in the 1990s. He was aware or should have been aware that he did not have such a hearing at that time.

{¶ 17} Whether his parole eligibility date was in the 1990s or early 2000s does not mean that Copeland has shown that he has a clear legal right to recalculation of his sentence or that ODRC has failed to fulfill a clear legal duty some 20 years after Copeland should have been aware of an alleged error.

---

reduced to ten years and six months. Together, with the six years for firearm specifications and 160 days credit for time served, ODRC calculated Copeland's initial parole date as December 12, 2003.

{¶ 18} Despite ODRC's failure to file a response to Copeland's complaint, he has not demonstrated entitlement to the requested relief. Therefore, his request for a writ of mandamus against ODRC is denied and his motion for default judgment is denied as moot.

## C. Prohibition — Jurisdiction to Maintain Consecutive Sentences

{¶ 19} Copeland also argues that prohibition is appropriate against the respondent judge because his predecessor entered a judgment that was clearly contrary to law "as it demanded that the relator must serve sentence in case CR-213510 prior to case CR-214421, which also has (2) three (3) years firearm specifications." There is no exposition to flesh out this argument. The current judicial respondent has not or is not about to exercise judicial authority that is unauthorized by law — a requirement of relief in prohibition. There is no argument or allegation that the trial judge did not have subject-matter or personal jurisdiction to impose sentences in Copeland's criminal cases in the 1980s. The requirements necessary for the issuance of a writ of prohibition have not been shown by Copeland.

{¶ 20} Copeland's argument is not entirely clear from his complaint, motion for summary judgment, and opposition brief. His arguments could be interpreted as one of impossibility. The trial court ordered the sentence imposed second to be served prior to an already imposed sentence that also contained sentences for firearm specifications, which by operation of law, must be served prior to other sentences imposed at that time. So, Copeland may be arguing service of the resulting

aggregate sentence is impossible, his sentencing entries are void, and the only remedy is to impose concurrent sentences.

{¶ 21} However, any sentencing error was required to be raised in a direct appeal. The Supreme Court of Ohio has recently clarified its void judgment jurisprudence. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776. This court, sitting en banc, recognized that "[b]ased on *Harper* and *Henderson*, the current void-sentence jurisprudence of the Ohio Supreme Court is clear: if the sentencing court has subject-matter jurisdiction over the case and personal jurisdiction over the defendant, any sentencing error renders the sentence voidable, not void." *State v. Stansell*, 8th Dist. Cuyahoga No. 109023, 2021-Ohio-2036, ¶ 7. *See also Shie v. Ohio Adult Parole Auth.*, 8th Dist. Cuyahoga No. 110252, 2021-Ohio-3038.

{¶ 22} Copeland has not challenged the jurisdiction of the trial court in this case. Therefore, Copeland's claims that his sentences are void are unavailing, and Copeland had an adequate remedy at law by way of appeal. *DeVore v. Black*, Slip Opinion No. 2021-Ohio-3153 ¶ 9. If these sentencing entries contain an error, they are not void, but voidable. The failure to successfully challenge these sentences on direct appeal means they are controlling, *Stansell* at ¶ 11, and ODRC must rely on them in calculating Copeland's prison terms.

{¶ 23} Respondent judge's motion for summary judgment is, therefore, granted.

**D. R.C. 2969.25(C)**

{¶ 24} Copeland's complaint indicates that he is an inmate in a state correctional facility. As such, he is required to comply with provisions of R.C. 2969.25 applicable to such individuals who commence any civil action against a government entity or employee. Copeland has failed to strictly comply with R.C. 2969.25(C).

> {¶ 25} This statutory provision requires an inmate
>
> who files a civil action or appeal against a government entity or employee seek[ing] a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

The failure to strictly comply with this provision is grounds for denial of the requested relief. *State ex rel. Powe v. Lanzinger*, 156 Ohio St.3d 358, 2019-Ohio-954, 126 N.E.3d 1127, ¶ 7.

{¶ 26} Copeland has attached a document to his complaint purporting to be a statement of his inmate account for the preceding six months, but the document is not certified by the institutional cashier. This is specifically required by R.C. 2969.25(C)(1). Copeland's filing fails to comply with the statutory provision, which

is sufficient grounds to deny relief. *State ex rel. Ellis v. Wainwright*, 157 Ohio St.3d 279, 2019-Ohio-2853, 135 N.E.3d 761, ¶ 7.

{¶ 27} Respondent judge's motion for summary judgment is granted. Copeland's motion for summary judgment and requests for writs of mandamus and prohibition are denied. Copeland's motion for default judgment is denied as moot. Copeland to pay costs. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR